SARAH A. POWELL, Appellee, v. JOHN T. OVERTON, Executor, Appellant.

**COSTS:** Security for Payment—Erroneous Refusal. The erroneous re-
1    fusal to order a bond for costs becomes quite harmless when plain-
tiff is wholly successful in his action.

**LIMITATION OF ACTIONS:** Fraudulent Concealment of Legacy. An
2    action to recover a legacy which has been fraudulently concealed
may be brought at any time during the statutory period *after* the
fraud has been discovered.

**ADVERSE POSSESSION:** Hostile Possession—Trustee and Cestui Que
3    **Trust.** The possession of an executor is not adverse to the claims
of a legatee.

**WILLS:** Legacy—Action to Recover—Laches. Evidence reviewed, and
4    held insufficient to bar an action to recover a legacy, though the
action was delayed some 20 years.

**TRIAL:** Instructions—Submission of Non-jury Matter. Instructions
5    which inferentially submit a non-jury matter are harmless when
the jury did not assume to pass thereon and the court itself made
the proper order. So held as to a legacy's being a charge upon
certain land.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

FEBRUARY 8, 1921.

REHEARING DENIED MAY 10, 1921.

BY his will, probated in September, 1893, Elias Overton, among other legacies, gave to his daughter, this plaintiff, $1,000, and gave the residue of his property, both personal and real, in trust to his wife, Eliza Overton, and at her death, whatever remains, to his son, John T. Overton, and appointed his said

son as executor, who qualified as such. The said Eliza died, January 26, 1915. The petition was filed on January 24, 1916. This action was brought at law against said executor, and it is entitled "Petition for Allowance of Claim," and asks that plaintiff's said claim, with interest, be allowed against the estate, and that said executor be ordered to pay the same; and she asks that said claim be established as a lien against the realty, and for costs. Trial to a jury, which resulted in a verdict for plaintiff for $1,000, with interest at 6 per cent from the date of her mother's death. By the judgment entered, it was adjudged that plaintiff recover of defendant, as executor, $1,259.83, being the amount of the legacy, with interest, and that the executor is ordered to pay the same to plaintiff from the assets of the estate. From this judgment, defendant appeals.—*Affirmed.*

*J. C. McCoid* and *E. H. Pollard,* for appellant.

*George B. Stewart* and *Jesse Schlarbaum,* for appellee.

PER CURIAM.—The petition alleges the matters before set out, and that defendant has never paid the said legacy; that it is a charge upon the real estate of deceased; that the claim was not filed before because defendant told her that the will of her father made no provision for her, and that it was simply a verbal request, made by their father, that defendant should pay her the sum of $1,000 upon the death of her mother, Eliza; that claimant never read the will, but relied upon said representations; that defendant said that, upon the death of the mother, he would pay her said sum; that defendant never posted any notice of his appointment as executor and never filed any proof of having done so; that he never filed any list of heirs or real estate, or inventory of the personal property of deceased; that said estate is unsettled and solvent; and that the said John T. Overton has never been discharged as executor.

Defendant demurred to. the petition, on the ground that it shows on its face that the cause of action is barred by the statute of limitations. The demurrer was overruled. Thereupon, defendant filed a motion to require plaintiff to give security for costs, supported by affidavit showing that plaintiff is a nonresi-

dent of the state, and is a resident of the state of Missouri; that said action will be a jury trial; and that the amount involved is such that there will probably be an appeal from the decision of the lower court. The motion was overruled. Defendant excepted to said rulings.

Thereafter, and on January 27, 1919, defendant filed his answer in six counts, and later, on May 20th, he filed what he denominates an amended and substituted answer, in 13 counts, the substance of which is: Denies generally; admits death of testator and the probate of the will, and that defendant was appointed and qualified as executor, December 9, 1893; states that he posted notice of his appointment, as required by law; pleads the bar of the statute of limitations, under Paragraphs 6 and 7 of Section 3447, Supplement to the Code, 1913; asserts that plaintiff was guilty of laches, and is estopped from asserting that her claim has not been paid, for that she remained silent for 22 years, and the legacy is conclusively presumed to have been paid and satisfied, and she cannot now say that defendant did not comply with the law and his duties as executor; states that the legacy was satisfied after the execution of the will, by defendant's delivering to plaintiff a note of like amount, and that defendant is the residuary legatee, and payment of plaintiff's legacy would reduce the amount he would receive individually; says that there was no personal property, and that all the real estate left by testator has been in the possession of the legatees to whom it was delivered, for more than 20 years, under color of title and claim of right, and that they have acquired title by adverse possession; asserts that plaintiff's claim is an attempt to recover an interest in real property, and that devisees have title by adverse possession; claims that, by plaintiff's laches in not asserting her claim until after the estate was settled, she is estopped; and states that, as executor, he reserves for himself and relies upon the provisions of the law constituting a defense of payment in behalf of the estate, the same as though set out in the answer.

Defendant, as residuary legatee, takes several hundred acres of land.

Many errors and points for reversal are made. They are so numerous that we shall not be able to discuss all of them in

detail. All have been considered. The question as to the statute of limitations, raised by the demurrer, will be considered later.

1. As to the ruling on the motion for security for costs, it is conceded that the motion was in due form, and that plaintiff was a nonresident of the state. Appellee contends that there is no prejudice to the defendant, even if the ruling was erroneous. The purpose of a bond for costs, is, of course, to save the defendant harmless in case plaintiff is unsuccessful, and judgment for costs is rendered against her. She was successful, and defendant is to pay the costs; and, if judgment is affirmed here on other grounds, it would be a useless proceeding to reverse and send the case back so that a cost bond might be given, and then a like recovery for plaintiff, and no liability on the bond. Appellee also contends that, as the law then stood, there was no bond for costs required in probate proceedings; that their action was not an action in probate, as provided in a later amendment to the statute, (Ch. 47, Acts 37 G. A.), which took effect July 4, 1917. They say that the main action in the district court was the settlement of the testator's estate, and that the bringing and proof of claims by creditors were mere incidents or details in the accomplishment of that end; that the doors of the court are open to all creditors; and that this right is not dependent upon their ability to give a cost bond. On the foregoing propositions, appellee cites *Wise v. Outtrim,* 139 Iowa 192, 200. While it is called a claim, the proceeding is really an application for the payment of a legacy; and, if the pleading is inaccurately designated, it will be disregarded.

1. Costs: security for payment: erroneous refusal.

2. There was a conflict in the evidence as to whether defendant had posted notice, as contended by him, and whether he had complied with the law as to his duties, so that the estate was settled, as he claims, before plaintiff commenced proceedings. This was a question for the jury, and was submitted to them, and the finding is against defendant. It is conclusive upon us. The jury was instructed as to the presumption that, after the lapse of a long time, the executor had performed the duties required of him, and that the estate was settled, but was informed that the presumption could be rebutted by evidence.

3. There is no claim by defendant that the plaintiff's legacy was actually paid, except that he alleges that a note for

$1,000, which, he says, was signed by plaintiff and her husband, was delivered, at the instance of deceased, in his lifetime, in settlement of the legacy. The evidence shows that plaintiff had not signed the note; that it was the individual note of her husband, who was insolvent. Plaintiff had nothing to do with the surrendering of the note to her husband, and had no knowledge of it, and did not consent thereto, as a payment or settlement of the legacy. The question was submitted to the jury, who were told that, if there was such a settlement as contended by defendant, plaintiff could not recover. The finding of the jury against defendant on this point has ample support in the testimony.

4. The jury was also told that the failure of plaintiff to make her claim or demand sooner, and her silence and acquiescent conduct, if unexplained, would warrant an inference that the legacy had, in some manner, been paid or satisfied, but that the jury should consider all the facts and circumstances and plaintiff's explanation, in determining the question.

5. There was evidence to support plaintiff's claim as to the statements and misrepresentations of defendant before set out, and the court told the jury that plaintiff's cause of action would be barred by the statute of limitations, unless the jury should find, by a preponderance of the evidence, that defendant, as executor, concealed the existence of the cause of action from plaintiff, through misrepresentation, and that she relied thereon, and was prevented from commencing the action; and that, in that event, the statute would not begin to run until plaintiff had discovered the existence of her cause of action against defendant. The court stated plaintiff's claim as to what the representations were, as alleged by her. Under the evidence, plaintiff's action was brought within the proper time after the discovery of the fraud, as the jury may well have found from the evidence. Code Section 3447, Paragraph 6; Code Section 3448.

2. LIMITATION OF ACTIONS: fraudulent concealment of legacy.

As before stated, the jury has found that defendant had not complied with the statutes in regard to notice and settlement of the estate. He stood in the relation of trustee for legatees. The land was devised to the mother for life. She and defendant lived on the land, and he continued to live there, the

3. ADVERSE POSSESSION: hostile possession: trustee and cestui que trust.

same as he had all his life; so that, until the mother's death, his possession was not adverse to plaintiff. Plaintiff's claim was filed about one year after the mother died. Up to and including the time of the trial, the land was still assessed and carried on the tax list as the Elias Overton estate. Appellant's claim of adverse possession is not well taken.

6. As to the defense of laches, raised by appellant. This defense is analogous to the statute of limitations. It appears that, about a year after testator's death, appellee removed to Missouri, where she has lived ever since. The only time she talked to appellant after her removal, according to his testimony, was in 1908.

*4. WILLS: legacy: action to recover: laches.*

Plaintiff's evidence tends to show that defendant told her that their mother had the land for life, and he could not pay her during the mother's life. Believing this, and not desiring to disturb the mother, appellee waited until the mother died. She then made a demand by letter. There is testimony for plaintiff to the effect that defendant acknowledged that he had a letter from her, and that he had a letter from her attorney in Missouri, but he said, "She wants the earth; she wants interest on the money." Under these circumstances and all the circumstances shown by the evidence, delay would be the natural tendency between himself and plaintiff, as members of the same family. The witnesses to the transaction after the father's death are all living, and there is no loss of evidence, to prevent the making of a defense, and the evidence does not tend to show that plaintiff had abandoned her claim, and it affirmatively appears that it had not been paid or satisfied. No prejudice or damage has been or can be caused appellant by the delay, so that there is no estoppel. The will gives each daughter $1,000, and the land to the mother for life, and the remainder to appellant. It would not take as much of the land now to pay the legacy as it would have, soon after the death of testator. The judgment allowed interest only from January, 1915, so that appellant saves several years' interest. The estate is open, and none of the other legatees can be injured. As we understand the record, there has been no order for distribution. Appellee cites *Blankeney v. Wyland*, 115 Iowa 607, to the point that it is the duty of the executor

to apply at the proper time for such order, and they contend that his own misconduct prevents him from asserting laches.

The defendant's case rests almost entirely upon his own evidence. One witness gave short testimony as to posting notice, and defendant's son testifies briefly as to a conversation claimed to have been had with other parties, or witnesses. The verdict of the jury as to matters submitted to them is supported by the evidence introduced on behalf of plaintiff, although contradicted.

7. Defendant complains of Instruction No. 1, given by the court. In this, the court, in stating the issues, inadvertently no doubt, includes a sentence from plaintiff's petition which charges that the legacy is a charge upon the real estate of deceased, and which states that plaintiff asks that the claim be established against the realty.

5. Trial: instructions: submission of non-jury matter.

That question was not submitted to the jury by other instructions. The court itself made the order in regard to that, after the jury had found for plaintiff on the other issues. It might well have been omitted, but we see no prejudice to the defendant.

Other instructions are complained of, but the objections thereto have been covered by the discussion already had. There may be some other minor matters, but we have noticed all that seem to require attention. We are of opinion that there is no prejudicial error. The case was fairly submitted, and the judgment is right. It is—*Affirmed.*