[No. 4,695.]

## HAYWARD H. HOWE *v.* P. J. WHITE ET AL.

LEVY OF EXECUTION BY SHERIFF.—If an execution is placed in the hands of a sheriff with directions to levy on a sum of money in the hands of a corporation, and he exhibits the execution to the company and demands the money, the facts that the company, while admitting that it has the money, refuses to deliver it to the sheriff, and that the sheriff cannot seize or take manual possession of the money, and that the plaintiff's attorney has notice of these things at the time, do not excuse the sheriff for failing to levy the execution, whether the company has the money as a distinct sum belonging to the defendant, or he is its creditor for the amount.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action against a sheriff for neglecting to levy on execution.

On the 4th day of December, 1869, the plaintiff commenced an action in the District Court, Sixth Judicial District, County of Sacramento, against Henry McCann, and procured an attachment, which was placed in the hands of the defendant White, who was sheriff of the city and county of San Francisco, and was by him levied on a debt of one thousand dollars owing to said McCann by the Union Insurance Company. On the 18th of the same month, the plaintiff recovered judgment against McCann for fourteen hundred dollars, and on the same day an execution was issued, which was, on the 20th of the same month, delivered to said sheriff, with directions to levy immediately on the sum of one thousand dollars in the hands of said Union Insurance Company. The sheriff went immediately to the office of the said insurance company and exhibited the execution, and demanded from the company the sum of one thousand dollars by virtue of the execution against McCann. The company admitted that it had in its possession the sum of one thousand dollars, but said it had sixty days to settle with McCann; that the money had already been attached in the action, and refused to deliver it to the sheriff. The plaintiff's attorney was present when this interview between the sheriff and the insurance company took place. The sheriff did not levy on the money. He made the following return on the execution :

"SHERIFF'S OFFICE,  ⎫
"City and County of San Francisco. ⎬

"By virtue of the annexed writ of execution, on the 20th December, 1869, I exhibited said original, and made demand of C. D. Haven, Sec'y of the Union Insurance Co., at the city and county of San Francisco, for the money heretofore attached by me in said suit; and he, said Haven, answered that the company had sixty days wherein to make settlement, and that the money had been previously attached in said case by me; and further, on the 28th of December, 1869, made another demand, and was informed that said money could not be paid, as the company was enjoined by a writ issued out of the United States District

Court; and was further informed by said Haven after said injunction was dissolved, that there was one thousand dollars, payable to defendant, that he could not pay me the amount until he had consulted his legal adviser, and on a subsequent demand he refused to pay over the amount.
"July 18th, 1870.
"P. J. White, Sheriff.
"By Geo. F. Knox, Under-Sheriff."

The one thousand dollars was due from the insurance company to McCann on a policy of insurance issued by the company. It was admitted on the trial "that, from the 5th until the 23d of December, 1869, the Union Insurance Company had in its possession one thousand dollars in gold coin belonging to McCann."

The case was tried by a referee who held, as a matter of law, on the foregoing facts, that the plaintiff could not recover. The Court rendered judgment for the defendants. The defendants, other than White, were the sureties on his official bond. The plaintiff appealed.


*S. Solon Hall,* for the Appellant.

Before the referee, and upon the motion for a new trial, the defendants contended that the one thousand dollars, in gold coin, in the hands of the insurance company, was not a debt due to the judgment debtor, which could be reached by garnishment, but specific personal property, of which the sheriff must take manual possession. So far as the plaintiff's rights are concerned, it makes no difference which of these views are correct, for in neither event did the sheriff do his duty in the premises. It was the duty of the sheriff to serve notice of garnishment. (*Howe* v. *Union Insurance Co.,* 42 Cal. 592.) If the one thousand dollars was specific personal property capable of manual delivery, still the sheriff was bound to seize it, or show cause why he neglected to do so. He was fully authorized, and it was his duty to search for the property, and to break open the safe, vault, or any other place where the money was, if they, upon demand, refused to deliver it. (Crocker on Sheriffs,

secs. 312, 320, 444; 16 Johnson, 287; *Griffiths* v. *Bogardus,* 14 Cal. 410; *Green* v. *Palmer et al.,* 15 Cal. 411.)

*J. F. Cowdery,* for the Respondent.

Where property is not in the debtor's possession, the creditor should point out the property. Certainly he should do so before the sheriff is required to break open a stranger's safe or vault. (*Bond* v. *Ward,* 7 Mass. 123; *Perley* v. *Foster,* 9 Id. 112.) The foregoing being the law, the finding is in accordance with the facts, because there was no proof showing that the money could have been seized. It is admitted that there were one thousand dollars, in gold coin, in the possession of the Insurance Company, belonging to the execution debtor.

There was a specific sum of one thousand dollars in the possession of the Insurance Company belonging to the execution debtor. It was capable of manual delivery, and should have been levied upon, the same as an attachment. (Sec. 542, C. C. P. sub. 3–5; Sec. 688, Id.; *Duterite* v. *Driard,* 7 Cal. 551.) "The service of a copy of the execution and notice of garnishment upon a third party, constitutes no lien on property of the debtor in his hands, capable of manual delivery." (*Johnson* v. *Gorham,* 6 Cal. 196.)

By the COURT:

Whether the property attached is to be regarded as a credit, or as a distinct sum of money in the hands of the Insurance Company belonging to McCann, there is no sufficient reason shown for the failure of the sheriff to levy the execution placed in his hands in favor of the plaintiff and against McCann.

Judgment and order denying a new trial reversed, and cause remanded.