[S. F. No. 8328. In Bank.—September 25, 1917.]

ELMIRA NORTON, Respondent, v. TITLE GUARANTY AND SURETY COMPANY (a Corporation), Appellant.

STATUTE OF LIMITATIONS—NOTARY PUBLIC—ACTION ON OFFICIAL BOND.
Where a notary public affixed a false certificate of acknowledgment to a mortgage forged by himself and delivered to a client, who had left money with him for investment, the cause of action was "upon a liability created by statute, other than a penalty or forfeiture," and barred at the expiration of three years from the wrongful act under subdivision 1 of section 338 of the Code of Civil Procedure, and was not governed by subdivision 4 of section 338, prescribing the same period of limitation for an "action for relief on the ground of fraud or mistake," but providing in that case that the cause of action is "not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

PRINCIPAL AND SURETY—LIMITATION OF SURETY'S LIABILITY.—Sureties are never held beyond the strict terms of their agreements.

ID.—LIABILITY OF SURETY ON NOTARY'S BOND.—Where a notary public was also an attorney at law and an agent in loaning money for his clients, the surety on his official bond as a notary was not liable for his wrongful acts as an attorney or agent.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.   W. A. Beasly, Judge.

The facts are stated in the opinion of the court.

Geo. F. Hatton, Hartley F. Peart, and Gus. L. Baraty, for Appellant.

J. C. Black, for Respondent.

N. E. Wretman, E. M. Rea, and A. A. Caldwell, *Amici Curiae.*

MELVIN, J.—Defendant appeals from the judgment against it and from an order denying its motion for a new trial.

The action was upon the bond of a notary public executed by defendant as a surety for the faithful performance of official duty by the said notary public, one Frank L. Dreischmeyer.

It appears from the evidence that Dreischmeyer was not only a notary public, but that he also acted as an agent in matters relating to property and that he was a practitioner at the bar.   In November, 1909, plaintiff delivered to Dreischmeyer six hundred dollars to be used in making an investment for her in a mortgage on real property.   A few days later, Dreischmeyer informed her that he had loaned the money and had taken a mortgage upon a piece of real property in San Jose owned by G. A. and Josephine Mancuso.   As a matter of fact, he had appropriated his client's money, and, in the furtherance of the fraud, he exhibited to her certain forged papers including a purported mortgage to which he had, as notary public, affixed a false certificate, that Mr. and Mrs. Mancuso had appeared before him and had duly acknowledged their respective signatures.   A fabricated note accompanying the forged mortgage provided for the quarterly payment of interest upon the loan and Dreischmeyer undertook to collect the interest for plaintiff.   To avoid discovery of his crime by his victim Dreischmeyer regularly paid her the amounts apparently due on the note as interest.   Finally, however, she learned of his crime and this action was commenced, more than three years after the breach by Dreischmeyer of his

official duty as a notary public in making the false certificate of acknowledgment, but within four years of that date, and likewise within three years of plaintiff's discovery of the fraud practiced by her agent. Both the discovery of the crime and the inauguration of the suit occurred after the expiration of Dreischmeyer's term as notary public.

Among the many defenses urged by demurrer and otherwise the Surety Company presented the contention that the period of three years provided by subdivision 1 of section 338 of the Code of Civil Procedure ran from the date of the malfeasance and not from the time of the discovery by plaintiff of the crimes which Dreischmeyer had committed. Respondent insists that while, ordinarily, a suit upon a bond of a public officer for breach of official duty is "upon a liability created by statute," and therefore is governed by the first subdivision of section 338 of the Code of Civil Procedure, this is an action based upon the fraud of the public officer, and that therefore the fourth subdivision of the section, giving to plaintiff three years after the discovery of the fraud for the commencement of the action, is the only statute of limitations which may be applied in such a litigation. Both theories seem to be supported by adjudications in different jurisdictions, but in California, under the reasoning in *County of Sonoma* v. *Hall*, 132 Cal. 589, [62 Pac. 257, 312, 65 Pac. 12, 459], and the authorities cited therein, we are constrained to hold that, without regard to the form of action, a surety sued upon the bond of a public officer may successfully plead the first subdivision of section 338 of the Code of Civil Procedure if the action shall have been commenced after the lapse of three years following, not the discovery, but the misfeasance or malfeasance itself. That was an action upon the bond of a county recorder who had collected and failed to return certain fees. The court held that such a suit is "upon a liability created by statute, other than a penalty or forfeiture," and that the period of three years was the proper time of limitation to be applied. The question of continuing fraud resulting in concealment of the breach of duty was not directly presented in that case, but it was there squarely decided that the *form* of action did not change the liability of the sureties. In the course of the opinion the case of *State* v. *Conway*, 18 Ohio, 234, is cited with approval. That was a suit against the sureties of a sheriff who, as was alleged, had levied upon property under

a writ of execution, and by means of false returns to that and subsequent writs had prevented the satisfaction of the judgment and by his conduct had permitted the property to be squandered. It was sought to apply the statute of limitations relating to actions founded upon a specialty, or any agreement, contract, or promise, in writing, but the court held that the proper law for that purpose was the one prescribing the period within which actions against officers for nonfeasance and misfeasance in office might be commenced, the court saying, among other things: ''So far as actions of this character are concerned, the limitation acts upon the cause, not the form of action. And the effect of the statute cannot be evaded by any change of the form of action.'' In the later case of *County of Calaveras* v. *Poe,* 167 Cal. 519, [140 Pac. 23], this court approved *County of Sonoma* y. *Hall,* holding that a cause of action for violation by a public officer of his statutory duty is governed by subdivision 1 of section 338 of the Code of Civil Procedure, as to the time within which it must be commenced. It is not necessary, therefore, to consider what statute of limitations might apply to an action against Dreischmeyer on account of his fraud and his breach of duty as attorney and agent, in carrying out a general rascally scheme of which the false acknowledgment was but a part. Sureties are never held beyond the strict terms of their agreements, and it would seem illogical to bind this defendant not only for the violation by Dreischmeyer of his official duty, but for other and subsequent frauds against which it did not promise to indemnify persons doing business with the notary public and without which the plaintiff must have discovered the illegal nature of the forged acknowledgment. The bond was collateral security for Dreischmeyer's *official* conduct, not for his general course of action as plaintiff's agent and legal adviser. Clearly the gist of the action was the breach of official duty, and not fraud. It therefore becomes unnecessary to determine whether or not plaintiff was excused by Dreischmeyer's conduct from making such investigations as would have discovered the frauds sooner.

The judgment and order are reversed.

Henshaw, J., Shaw, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.