[Civ. No. 2023.  First Appellate District.—October 23, 1917.]

P. E. PETERSON, Administrator, etc., Respondent, v. TITLE GUARANTY & SURETY COMPANY (a Corporation), Appellant.

STATUTE OF LIMITATIONS — ACTION ON BOND OF NOTARY PUBLIC.—An action against the surety on the bond of a notary public for damages sustained through reliance upon a false certificate of acknowledgment is barred in three years from the date of the acknowledgment, as section 338, subdivision 1, of the Code of Civil Procedure is applicable to such an action.

APPEAL from a judgment of the Superior Court of Santa Clara County.  P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

Geo. F. Hatton, Hartley F. Peart, and Gus L. Baraty, for Appellant.

N. E. Wretman, and C. L. Witten, for Respondent.

THE COURT.—In this action the plaintiff sought to recover from the defendant, as surety upon the official bond of a notary public, damages sustained by plaintiff's intestate through his reliance upon a false certificate of acknowledgment issued by said notary.  The defendant both by demurrer to the complaint and by answer pleaded section 338, subdivision 1, of the Code of Civil Procedure, requiring an action upon a liability created by statute other than a penalty or forfeiture to be brought within three years of its accrual—it appearing upon the face of the complaint that the present action was commenced some five years after the making and issuing of the false acknowledgment.

The trial court took the view that this section and subdivision of the code was not applicable to an action upon the official bond of a notary, but the supreme court in a very recent case (*Norton* v. *Title Guaranty & Surety Co.*, 176 Cal. 212, [168 Pac. 16]), following other cases decided in this jurisdiction in which actions upon official bonds were involved, held, in an action brought upon this identical bond,

that this provision of the statute of limitations was to be given application in this class of cases.

It follows that the trial court erred in overruling the demurrer of the plaintiff. Upon the authority of *Norton* v. *Title Guaranty & Surety Co.*, 176 Cal. 212, [168 Pac. 16], the judgment is reversed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1917.