[Civ. No. 1923.    Third Appellate District.—January 21, 1919.]

R. HELLWIG et al., Respondents, v. THE TITLE GUARANTY & SURETY COMPANY (a Corporation), Appellant.

STATUTE OF LIMITATIONS—NOTARY PUBLIC—ACTION ON OFFICIAL BOND. An action upon the official bond of a notary public is an action upon a liability created by statute within the meaning of subdivision 1 of section 338 of the Code of Civil Procedure.

ID.—ACKNOWLEDGMENT OF FORGED DEED.—Under subdivision 1 of section 338 of the Code of Civil Procedure, the right of action on the official bond of a notary arising out of his having certified a false acknowledgment of a forged deed, was barred, where the action was commenced more than three years after the actual malfeasance.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasly, Judge. Reversed.

The facts are stated in the opinion of the court.

Hartley F. Peart and Gus L. Baraty for Appellant.

A. A. Caldwell for Respondents.

HART, J.—This is an action on a notary public's surety bond executed by the defendant, and grows out of an alleged false acknowledgment by the notary of the execution of a certain deed of trust.

It appears that one Frank L. Dreischmeyer was, on the thirty-first day of August, 1910, a duly appointed, qualified, and acting notary public, in and for the county of Santa Clara, and that the defendant had become and was on said date a surety on his official bond as such notary; that, on said thirty-first day of August, 1910, and while said bond was a valid, subsisting obligation and on file in the office of the county clerk of said county, said Dreischmeyer, in his official capacity as such notary public, purported to acknowledge the execution of a trust deed purporting to have been executed by one Marie F. Smith and others, conveying the legal title to certain lands situate in the county of Santa Clara, to the plaintiff, the same to be held, however, as security for the payment of a promissory note for eight hundred dollars, purport-

ing to be executed by the said Marie F. Smith and one Temperance E. Smith in favor of the plaintiff, from whom the loan evidenced by said note was obtained. It further is made to appear from the complaint, as well as from the findings, that the name of Marie F. Smith as subscribed to said trust deed and the said promissory note was forged and that said Dreischmeyer, at the time that he as a notary public pretended to acknowledge the execution of said trust deed, knew that the name of said Marie F. Smith was forged to the said deed.

The defendant, both by demurrer and, among other defenses, by answer, set up the bar of the statute of limitations as set forth in section 338, subdivision 1, of the Code of Civil Procedure. The court overruled the demurrer and upon a trial of the issues tendered by the answer found in favor of and awarded judgment to the plaintiffs.

This appeal here is from said judgment.

The contention of the appellant is that the action is barred by virtue of the provisions of the section and subdivision of the Code of Civil Procedure above mentioned, and there can be no doubt that the contention is well made.

Section 338, *supra,* provides, among other things, that an action upon a liability created by statute, other than a penalty or forfeiture, must be brought within three years from the date of the accrual of the cause of action. That an action upon the official bond of a notary public is an action upon a liability created by statute, within the meaning of section 338, subdivision 1, of the Code of Civil Procedure, is no longer an open question in this state. It has been so expressly held in the cases of *Norton* v. *Title Guaranty & Surety Co.,* 176 Cal. 212, [168 Pac. 16], and *Peterson* v. *Title Guaranty & Surety Co.,* 35 Cal. App. 103, [169 Pac. 239]. In the first-named case, Mr. Justice Melvin, speaking for the court, says: ''Respondent insists that while, ordinarily, a suit upon a bond of a public officer for breach of official duty is 'upon a liability created by statute,' and therefore is governed by the first subdivision of section 338 of the Code of Civil Procedure, this is an action based upon the fraud of the public officer and that, therefore, the fourth subdivision of the section, giving to plaintiff three years after the discovery of the fraud for the commencement of the action, is the only statute of limitations which may be applied in such a litigation. Both theories seem

to be supported by adjudications in different jurisdictions, but, in California, under the reasoning in *County of Sonoma* v. *Hall*, 132 Cal. 589, [62 Pac. 257, 312, 65 Pac. 12, 459], and the authorities cited therein, we are constrained to hold that, without regard to the form of the action, a surety sued upon the bond of a public officer may successfully plead the first subdivision of section 338 of the Code of Civil Procedure if the action shall have been commenced after the lapse of three years following not the discovery but the misfeasance or malfeasance itself.''

This action was instituted on the nineteenth day of December, 1913, and, as above shown, it appears upon the face of the complaint, as it also appears from the evidence, that the alleged wrongful act of Dreischmeyer, in falsely acknowledging as a notary public the purported execution of the trust deed by Marie F. Smith, was committed on the thirty-first day of August, 1910. Thus it will be noted that more than three years had elapsed between the date of Dreischmeyer's act of official malfeasance and the date of the commencement of this action. Obviously, therefore, the action was barred under the terms of the first subdivision of the section above referred to, and, that fact having been made to appear in the complaint itself, the court below should have sustained the demurrer to that pleading on that ground, or, having overruled the demurrer, should have dismissed the action upon the evidence which conclusively established the bar of the statute.

We may with no impropriety add that the respondents filed no brief herein, nor was the cause orally argued on their behalf when the same was called up for hearing at the last regular term of this court, and that, therefore, in view of the above-cited cases, which are directly in point here, we are in the dark respecting the theory upon which they could have maintained in the court below that the action was not barred by the above-mentioned section. However, it is clear from the cases above cited that the judgment cannot be sustained, and it is, therefore, reversed.

Buck, P. J., *pro tem.,* and Burnett, J., concurred.