STEINBRENNER, APPELLANT, *v.* ELDER, RESPONDENT.

(No. 6,198.)

(Submitted October 18, 1927.  Decided November 2, 1927.)

[260 Pac. 725.]

*Limitation of Actions—Notaries Public—Official Misconduct—*
*Statute Applicable—Statutory Construction.*

Statute of Limitations—Notaries Public—Action for Damages for
  Making False Certificate as "upon Liability Created by Statute."
  1.  An action against a notary public to recover damages for
  making a false certificate to a mortgage is one "upon a liability
  created by statute" within the meaning of section 9033, subdivi-
  sion 1, Revised Codes 1921, and barred if not brought within
  two years from the date of false making.

Same—Notaries Public—Official Misconduct — Fraud — Statute — Con-
  struction.
  2.  *Quaere:* In an action of the nature of the above charging
  official misconduct, in which in addition, fraud is alleged but not
  that defendant notary was a party to the mortgage contract or
  acted in connivance with a party thereto, may subdivision 4 of
  section 9033, supra, providing that in an action for fraud, the
  cause of action shall not be deemed to have accrued until the
  discovery by the aggrieved party of the facts constituting the
  fraud, ever be construed to cover an action upon a statutory
  liability in so far as the statute of limitations is concerned?

Statutory Construction—Function of Court.
  3.  In construing a statute, courts cannot read into it that which
  the legislature, with apparent design, omitted.

[1]  Limitation of Actions, 37 C. J., sec. 124, p. 786, n. 25, 26.
Notaries, 29 Cyc., p. 1104, n. 11.
  [2]  Limitation of Actions, 37 C. J., sec. 306, p. 937, n. 76.
  [3]  Constitutional Law, 12 C. J., sec. 387, p. 883, n. 98, p. 885, n. 9.

*Appeal from District Court, Missoula County; Theodore*
*Lentz, Judge.*

ACTION by George L. Steinbrenner against Claude Elder.
From a judgment for defendant, plaintiff appeals.  Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Thomas N. Marlowe,* for Appellant.

It was plaintiff's contention at the trial below and is his
contention here that apart from any statute where a party

against whom a cause of action exists in favor of another by fraud or concealment prevents such other from obtaining knowledge thereof, the statute of limitations will commence to run only from the time the cause of action is discovered or might have been discovered by the exercise of diligence. (See 37 C. J., secs. 351–353, pp. 971, 972; citing *American Tobacco Co.* v. *People's Tobacco Co.,* 204 Fed. 58, 122 C. C. A. 372; *Tillison* v. *Ewing,* 87 Ala. 350, 6 South. 276; *Lightner Mining Co.* v. *Lane,* 161 Cal. 689, 120 Pac. 771; *Cook* v. *Chicago etc. R. Co.,* 81 Iowa, 551, 25 Am. St. Rep. 512, 9 L. R. A. 764, 46 N. W. 1080; *Wellner* v. *Eckstein,* 105 Minn. 444, 460, 117 N. W. 830; *Bankers Surety Co.* v. *Willis Springs Beverage Co.,* 104 Neb. 173, 176 N. W. 82; *Hamlin* v. *Oliver,* 77 N. H. 523, 93 Atl. 966; *Oklahoma Farm Mortgage Co.* v. *Jordan,* 67 Okl. 69, 168 Pac. 1029; *Texas etc. R. Co.* v. *Gay,* 86 Tex. 571, 26 S. W. 599; *Larson* v. *Utah L. & T. Co.,* 23 Utah, 449, 65 Pac. 208; see, also, *State* v. *Hawkins,* 103 Mo. App. 251, 77 S. W. 98, a case on all-fours with the case at bar.)

In view of the foregoing principle supported by such an array of authorities, it is our contention that fraud or concealment constitutes an implied exception to the statute of limitations, and therefore a party who wrongfully conceals material facts and thereby prevents a discovery of his wrong or the fact that a cause of action has accrued against him as was done here by defendant, is not allowed to take advantage of his wrong by pleading the statute of limitations, for the statute is for the purpose of preventing wrong and fraud rather than to enable one who has perpetrated it upon another to plead it to his advantage.

*Mr. Walter L. Pope* and *Mr. Clark T. Brown,* for Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The plaintiff brought this action to recover damages from the defendant, whom he charged with making a false certifi-

[80 Mont. 395.]

cate to a mortgage given by H. J. Morison to the plaintiff. The facts, in so far as it is necessary to state them, are that on August 15, 1922, the plaintiff loaned to Morison $1,100, taking from him eleven notes and a mortgage securing the same, purporting to be signed by Morison and his wife. The mortgage purported to cover lots in Daly's addition to the city of Missoula, belonging to Morison, and lots in the Hammond addition to the city of Missoula, belonging to Mrs. Morison.

The defendant took the acknowledgment which is attached to the mortgage. Therein he certified that on August 15, 1922, there personally appeared before him as notary public "H. J. Morison and Anne H. Morison, husband and wife, known to me to be the persons whose names are subscribed to the within instrument, and acknowledged to me that they executed the same." When Morison delivered the mortgage to plaintiff he asked him to withhold it from record.

In the early part of October, 1923, before the tenth, John W. Carey, T. A. Price and Walter L. Pope, who were interested in the property affected by plaintiff's mortgage, and who had in their possession deeds signed by Mr. and Mrs. Morison running to Carey, had a conversation with plaintiff. At that time Price and Pope told plaintiff they had been informed by Mrs. Morison that she had not signed the notes and mortgage held by plaintiff. Pope knew the signatures of Mrs. Morison to the Carey deeds were genuine, as she had signed them in his presence. For the purpose of demonstrating that the signature appearing upon the plaintiff's notes and mortgage was not that of Mrs. Morison, Pope, in the presence of plaintiff and Price, compared the signatures upon the notes and mortgage with that upon the deeds. The signatures, Pope contended, were totally dissimilar. Pope and Price sent for Mr. Greene who was a bank cashier and one familiar with handwriting and signatures generally. Upon inspection of the instruments, Mr. Greene gave his opinion that if the signatures of Mrs. Morison on the deeds were genuine those on the notes and mortgage were not.

Between the date of the conversation referred to above and February 13, 1924, plaintiff told Pope that if he "couldn't hold his mortgage" he could hold defendant on his notary's bond for making a false certificate, and plaintiff talked with the defendant four or five times before that date, telling him that he expected to hold him liable for making a false certificate if he were unsuccessful in collecting upon his mortgage. The defendant gave plaintiff to understand that Mrs. Morison appeared before him and acknowledged the instrument; but he never asserted that to be a fact positively, either to plaintiff or in court. The defendant's testimony on this point was to the effect that he had no definite recollection of the acknowledgment in question; he did not remember the instrument at all; he had no recollection of ever having taken an acknowledgment of a person who had not appeared before him.

On February 13, 1924, plaintiff commenced suit to foreclose his mortgage. Upon trial the court found that Mrs. Morison did not sign either of the notes or the mortgage, never appeared before the defendant as notary public at any time, and never acknowledged the mortgage. The court found further that neither Morison nor his wife was the owner of the property described in the Daly addition.

On March 1, 1926, plaintiff began this suit. Among other allegations he alleges that the certificate of acknowledgment affixed to the mortgage by the defendant was, and is, false, fraudulent and untrue and that Mrs. Morison never signed nor executed the same and never appeared before the defendant and acknowledged the execution of the same; that the acknowledgment attached to the mortgage was executed by the defendant in violation of his oath of office as notary public; that the defendant in certifying that Anne H. Morison personally appeared before him and acknowledged the execution of the mortgage when she, in fact, did not do so, was guilty of official misconduct and that the certificate was so executed by the defendant for the purpose and with the intent of deceiving the plaintiff. Further on he avers that he relied upon the certificate and the facts certified to therein and believed it to be true, and that the mortgage was in truth and in fact executed

and acknowledged by Anne H. Morison as stated in the certificate, and so relying thereon he parted with and delivered the money described in the mortgage, and that he has been deceived and defrauded thereby and by the official misconduct of the defendant in falsely, fraudulently and untruthfully certifying in the certificate of acknowledgment that Anne H. Morison personally appeared before him and acknowledged the execution of the mortgage.

The defendant pleaded that the plaintiff's alleged cause of [1] action was barred by the provisions of subdivision 3 of section 9031 and subdivisions 1 and 4 of section 9033, Revised Codes 1921. The plaintiff replied by general denial. The court gave judgment for the defendant and plaintiff appealed.

The periods prescribed for the commencement of actions necessary to be considered in this opinion are: "9033. Within two years: 1. An action upon a liability created by statute other than a penalty or forfeiture. * * * 4. An action for relief on the ground of fraud or mistake, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

The office of notary public is created and the duties thereof are regulated by statute. (Secs. 385–388, Rev. Codes, 1921.) It is the duty of a notary public "to take the acknowledgment or proof of powers of attorneys, mortgages, deeds, grants, transfers, and other instruments of writing executed by any person, and to give certificate of such proof or acknowledgment indorsed or attached to the instrument." (Sec. 388, subd. 2.)

Section 6910, Revised Codes 1921, declares that the acknowledgment of an instrument must not be taken unless the officer taking it knows or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making such acknowledgment is the individual who is described in and who executed the instrument.

Section 395, Revised Codes 1921, provides that, for the official misconduct or neglect of a notary public, he and the sureties on his official bond are liable to the parties injured thereby for all damages sustained.

. The complaint charges that the certificate was executed by the defendant in violation of his oath of office, and that he was guilty of official misconduct. It charges a violation by defendant of his statutory duty; the right of action is statutory. (*Homan* v. *Wayer,* 9 Cal. App. 123, 98 Pac. 80; *Hellwig* v. *Title Guaranty & Surety Co.,* 39 Cal. App. 422, 179 Pac. 222; *People* v. *Bartels,* 138 Ill. 322, 27 N. E. 1091.) That the violation of a statutory duty of an officer gives rise to a cause of action upon a liability created by statute was decided in *Gallatin County* v. *United States Fidelity & Guaranty Co.,* 50 Mont. 55, 144 Pac. 1085. This action is upon a liability created by statute other than a penalty or forfeiture. (*Sonoma County* v. *Hall,* 132 Cal. 589, 62 Pac. 257, 65 Pac. 12; *Canyon County ex rel. Griffiths* v. *Moore,* 34 Idaho, 732, 203 Pac. 466.) It comes directly within the contemplation of subdivision 1 of section 9033. It does not come within the contemplation of subdivision 4 of that section. See *Norton* v. *Title Guaranty & Surety Co.,* 176 Cal. 212, 168 Pac. 16, *Peterson* v. *Title Guaranty & Surety Co.,* 35 Cal. App. 103, 169 Pac. 239, and *Hellwig* v. *Title Guaranty & Surety Co.,* 39 Cal. App. 422, 179 Pac. 222, which are directly in point. [2] Montana borrowed the two subdivisions we are considering from California. Whether subdivision 4 can ever be construed to cover an action upon a statutory liability we need not consider. We have no doubt of the correctness of the California authorities, nor as to their applicability to this case, upon the facts presented. The fraud contemplated by subdivision 4 is that which is defined in sections 7479, 7480 and 7481, Revised Codes 1921. The fraud charged in this case was actual fraud. "Actual fraud within the meaning of this chapter consists of any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract. * * * ." (Sec. 7480, Rev. Codes 1921.)

The defendant was not a party to the contract nor, so far as the pleading discloses, did he act in connivance with any party to the contract. The fact is, if the allegations of the complaint

are true, that he made a false certificate in violation of his oath of office, and was guilty of official misconduct. The action against him is upon a liability created by statute under subdivision 1 of section 9033. This subdivision does not provide that the cause of action shall not be deemed to accrue until the aggrieved party shall discover the facts which constitute the [3] cause of action. We cannot read into the law that which the legislature, with apparent design, omitted. (*Bennett* v. *Meeker,* 61 Mont. 307, 202 Pac. 203.)

The cause of action was barred when plaintiff filed his complaint, and the judgment is affirmed.

*Affirmed.*

Associate Justices Myers, Stark, Matthews and Galen concur.