[Sac. No. 4044. Department One.—June 30, 1928.]

UNITED BANK & TRUST COMPANY (a Corporation), Appellant, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND (a Corporation), and WALTER P. COOMBS, Respondents.

Everts, Ewing, Wild & Everts and L. W. Young for Appellant.

Redman & Alexander and Sherwood Green for Respondents.

SEAWELL, J.—This appeal is taken from a judgment entered against appellant after an order made sustaining a demurrer to appellant's complaint without leave to amend. The facts herein considered are taken from the complaint, it being the only record by which the question of the sufficiency of the facts as stating a cause of action may be judged. The plaintiff and appellant herein asserts the right to maintain this action and appeal by reason of successive assignment of claim of agister's lien which, it is claimed, originally accrued to the owners of the real property, to wit, San Joaquin Agricultural Corporation, on account of cattle which were pastured upon the lands of the latter corporation, and which claim was assigned first to the Union National Bank, a corporation, and latterly to the appellant, United Bank and Trust Company, a corporation.

On April 18, 1922, there was due and owing from one Charles F. Silva to said San Joaquin Agricultural Corporation, on account of pasturage of cattle, the sum of $11,166.33. Said cattle were held and possessed on said day by said corporation under an agister's claim of lien. Upon

the application of the Mercantile Trust Company of California, the holders of a mortgage and deed of trust upon said real property upon which said cattle were and had theretofore been pastured—pending a foreclosure proceeding theretofore commenced by said Mercantile Trust Company of California against said San Joaquin Agricultural Corporation—the superior court appointed one Walter P. Coombs receiver in said foreclosure proceeding and he duly qualified and filed a bond for the faithful performance of his duties as receiver, which bond was made and executed by respondent Fidelity & Deposit Company of Maryland, a corporation. Said undertaking provided that said Coombs would obey all orders of court made in said matter of receivership. Said Coombs, as such receiver, thereafter took possession of said real property, and, under order of court, took possession of all cattle upon which said San Joaquin Agricultural Corporation had its lien for pasturage. On or about July 17, 1922, upon the petition of the Union National Bank, a corporation, the assignor of appellant, said superior court, by its written order made and served upon said receiver, instructed him to refuse permission to said Charles F. Silva, or any of his agents or other persons, to remove from said real property cattle belonging to said Silva, upon which said San Joaquin Agricultural Corporation had a lien for pasturage, until the sum of $11,166.33, as for the pasturage of said cattle, had been paid and the lien thereby released. It is alleged that thereafter and without permission of the court or of appellant or any of its assignors, the said receiver, Walter P. Coombs, permitted said Charles F. Silva to withdraw from the possession of said receiver said cattle, contrary to the order of the court theretofore made, to the loss and damage of appellant in the sum of $11,166.33. The insolvency of Charles F. Silva, who is not made a party, is alleged on information and belief.

A number of objections were made to the sufficiency of the complaint in the court below, one or more of which must have been deemed by the trial court as well placed. The most important of said objections was aimed at the failure of the complaint to allege that an order of court was made in the original proceeding in which the receiver was appointed, authorizing the action to be prosecuted for the

benefit of appellant's assignor. Section 982 of the Political Code, provides:

"All bonds or undertakings given by trustees, receivers, assignees, or officers of a court, in an action or proceeding for the faithful discharge of their duties, where it is not otherwise provided, must be in the name of and payable to the State of California; and upon the order of the court where such action or proceeding is pending, may be prosecuted for the benefit of any and all persons interested therein."

The obligee named in the bond in the instant case is the state of California. The language of the statute is clear and explicit. It must be taken as true, by reason of the failure of the pleader to allege compliance with the statutory provision, that he did not conform to its requirements. Because of appellant's failure to allege compliance with said statute, respondents take the position that the trial court was warranted in refusing to entertain the cause. There is much force in respondents' position, but we think it is not necessary to pass upon this question nor upon the kindred question of whether or not the instant case presents facts which constitute an exception to the rule of equitable remedies to the effect that in cases where a suit is brought against a receiver in his official capacity, as is the fact in the instant case, leave should be obtained by the court by which he was appointed in the absence of statutes authorizing suits without such leave. (5 Pomeroy's Equity Jurisprudence, 3d ed., p. 329; High on Receivers, 4th ed., p. 293.)

The action was brought upon the theory that the receiver was liable upon his bond as such officer because he permitted Silva, the owner of said cattle, to remove them from said premises belonging to the San Joaquin Agricultural Corporation pending a proceeding to foreclose a mortgage upon and sell said premises, contrary to the instruction of the court that said receiver refuse permission to said Silva to remove said cattle from said real property until he paid to said receiver the amount of said pasturage indebtedness, to wit, $11,166.33. The receiver was appointed at the instance of the judgment creditor to protect its rights in all property appurtenant to the mortgaged real property, and no claim or pretense is made that ambulatory personal prop-

erty which chanced to be upon the premises was included in the foreclosure action. The complaint contains no allegation which tends to show that the trial court had any power to make an order affecting the ownership or rights in or to personal property which was in no sense related to the subject matter of the action in which the receiver was appointed. The lien which existed in favor of appellant's assignor as an agister of said cattle was not extinguished by the appointment of said receiver in the foreclosure proceeding and the right to enforce said lien was not affected thereby. The lien claimant made no effort to enforce its lien either before or since the cattle were taken by Silva, nor did it attempt by any possessory action to repossess them. If Silva, the owner, came into possession of said cattle by fraud or mistake the lien claimant could have recovered and held them as against him.

The complaint does not state a cause of action against the receiver and his bond for the reason that it does not appear from the face thereof that the receiver was officially chargeable with any duty with respect to the lien claimed by appellant as the assignee of the San Joaquin Agricultural Corporation. The receiver, as such, could not be charged by order of court, or otherwise, as a keeper of personal property not included within the issues of the action in which he was appointed, nor in any manner related thereto. Neither was an action brought in replevin or in claim and delivery, against Coombs, who acted without authority of law and was therefore a trespasser, nor a petition presented to the superior court for leave to maintain any sort of action.

A number of other points are made by respondents in substantiation of their claim of insufficiency of the complaint, one of which is that the action is upon a liability created by statute and is barred by the provisions of section 338, subdivision 1 of the Code of Civil Procedure, citing *County of Sonoma* v. *Hall,* 132 Cal. 589 [62 Pac. 257, 312, 65 Pac. 12, 459]; *Norton* v. *Title Guaranty etc. Co.,* 176 Cal. 212 [168 Pac. 16]; *Hellwig* v. *Title Guaranty etc. Co.,* 39 Cal. App. 422 [179 Pac. 222]. Such being the law, the specific question before us is whether it appears from the face of the complaint that the action is barred by the three-year period. It is alleged by the complaint that on April 18, 1922, the receiver was appointed and qualified and filed

his bond; that on July 17, 1922, the court made its order instructing said receiver to refuse delivery of said cattle to said Silva until he paid said sum of $11,166.33, etc.; that thereafter, and without permission of plaintiff, said receiver permitted said Silva to withdraw said cattle from said premises, etc. Upon the face of the complaint no specific allegation is made as to the time said receiver permitted Silva to gain possession of the cattle. The prayer of the complaint, however, indicates that the act or omission complained of occurred on April 18, 1922, the day the receiver qualified, as it prays for interest on the amount of damages claimed dating from April 18, 1922. We think it would not be indulging in a strict construction against the pleader to hold that the natural and only reasonable inference that may be drawn from the pleading is that the act complained of occurred April 18, 1922, and is, therefore, barred by the statute. A fact may appear by inference as well as by direct allegation. The prayer of a complaint may be resorted to under certain circumstances, one of which is to determine the amount which the plaintiff seeks to recover. The amount prayed for is estimated on the injury complained of, as having been sustained on April 18, 1922. The complaint was filed October 20, 1925. The only reference made by the complaint as to the date of the alleged wrongful act of the receiver is found in the prayer, which fixes it as of April 18, 1922. This being so, the action would be barred by section 338, subdivision 1 of the Code of Civil Procedure.

Judgment affirmed.

Curtis, J., and Preston, J., concurred.