[Civ. No. 7933. First Appellate District, Division One.—September 28, 1932.]

CHAS. W. HASWELL, as Executor, etc., Appellant, v. CONSTANTINE G. COSTELLENOS et al., Defendants; CONTINENTAL CASUALTY COMPANY (a Corporation), Respondent.

Charles H. Haswell, *in pro. per.*, for Appellant.

Redman, Alexander & Bacon and Herbert Chamberlain for Respondent.

ANDERSON, J., *pro tem.*—The trial of this case was by jury. While the appellant complains of a nonsuit as to certain counts of the complaint there was a judgment,

general in its terms, entered in favor of defendant surety company upon a directed verdict. The notice of appeal is directed exclusively to this judgment. In fact, the clerk's transcript shows no entry of an order or judgment of nonsuit. After the appeal was taken the original plaintiff, Luiggia Beffa, died, and the present plaintiff, the executor, was substituted. The word "plaintiff" will refer to the original plaintiff.

The appeal is upon a typewritten transcript. The entire record is 343 pages in length. From the briefs, it appears that the sole question involved is the question of statutory construction hereinafter stated. Therefore, the court has not undertaken a close examination of the record represented by the reporter's transcript and which is 300 pages in length. On a few pages the nature of the case has been stated by the appellant's counsel, and, excepting for a few minor corrections, respondent's counsel has concurred in this statement. The action is one for fraud practiced by defendant Costellenos, a licensed real estate broker. The respondent surety company was joined in the action. It had bonded the broker under the provisions of section 9 (a) of the Real Estate Brokers' Act (Stats. 1923, p. 96). The bond was given to cover the broker's liabilities incurred in the year 1926. The plaintiff prevailed against Costellenos, the principal named in the bond. The act referred to has been repeatedly amended as shown in *Smithson* v. *Sparber*, 123 Cal. App. 225 [11 Pac. (2d) 90]. Costellenos took no appeal.

The first count of the complaint charged that the said Costellenos, while acting as the plaintiff's agent, persuaded her to buy a piece of real property at a price of $2,500, fraudulently concealing the fact that it was held for sale at $1,000, that the agent, through the aid of defendant Preovolos, cheated plaintiff out of the difference of $1500. The second and third counts charge frauds of the same character, except that Preovolos was not a party. In each of these the loss alleged was $300. During the progress of the trial the plaintiff was permitted to add a fourth count to the complaint. This count duplicated the first count and added nothing to the complaint. In view of the conclusions arrived at, consideration of the fourth count becomes immaterial.

The record contains the original complaint. It was filed on July 31, 1929. Appellant's opening brief recites that

the transactions sued upon in the complaint occurred between May 7, 1926, and June 4, 1926. Respondent's brief does not challenge this statement nor the statement that evidence was offered tending to show that the plaintiff did not discover the frauds complained of until a point of time in the year 1927, which was less than three years prior to the commencement of the action.

As above indicated, the verdict and judgment went against the broker for $2,100, the amount claimed in the three counts.

Respondent's defense, which was sustained by the trial court and which was the ground for the directed verdict in favor of the respondent surety company, was pleaded by way of amendment made at the trial. The defense was that each of plaintiff's causes of action was barred by subdivision 1 of section 338 of the Code of Civil Procedure; that the liability involved is a liability created by statute; that in such case the cause of action accrues when the fraud is practiced and not when it is discovered. It is argued that the bond was a statutory bond. It is urged: "The statute created both the right of the plaintiff against the surety and the correlative liability of the surety to the plaintiff. Without the statute neither the right nor the correlative liability would have existed." The appellant claims that the action is for fraud, and that under subdivision 4 of section 338 of the Code of Civil Procedure the cause of action accrued only upon discovery of the fraud and that the complaint was filed within three years from discovery; that the surety became liable equally with the principal.

It is the settled rule in this state that where a public official fails to perform his official duty, and the wrong complained of is fraudulent in its nature, subdivision 1 of section 338 fixes three years as the limitation for the commencement of an action on account of the resulting damages; that the statute begins to run when the wrongful act is committed and not when discovery occurs. The cases have dealt with the bond of a county recorder (*County of Sonoma* v. *Hall*, 132 Cal. 589 [62 Pac. 257, 312, 65 Pac. 12, 459]); a notary public (*Norton* v. *Title Guaranty & Surety Co.*, 176 Cal. 212 [168 Pac. 16]); a receiver (*United B. & T. Co.* v. *Fidelity & Deposit Co.*, 204 Cal. 460 [268 Pac. 907]). In the case of *Norton* v. *Title Guaranty &*

*Surety Co., supra,* the Supreme Court referred to the contention that the conduct of the notary in affixing his false certificate of acknowledgment to a mortgage and in concealing that fact was a fraud. The notary, to avoid discovery of the fraud, paid various amounts due upon the mortgage. The trial court's decision was in favor of the plaintiff. It ruled the case was a fraud case and that, as to the surety, the statute ran only from discovery. But the Supreme Court reversed the case. It said, first referring to an earlier case: "It was sought to apply the statute of limitations relating to actions founded upon a specialty, or any agreement, contract, or promise in writing, but the court held that the proper law for that purpose was the one prescribing the period within which actions against officers for nonfeasance and misfeasance in office might be commenced, the court saying, among other things: 'So far as actions of this character are concerned, the limitation acts upon the cause, not the form of action. And the effect of the statute cannot be evaded by any change of the form of action.' In the later case of *County of Calaveras* v. *Poe,* 167 Cal. 519 [140 Pac. 23], this court approved *County of Sonoma* v. *Hall,* holding that a cause of action for violation by a public officer of his statutory duty is governed by subdivision 1 of section 338 of the Code of Civil Procedure, as to the time within which it must be commenced. It is not necessary, therefore, to consider what statute of limitations might apply to an action against Dreischmeyer on account of his fraud and his breach of duty as attorney and agent, in carrying out a general rascally scheme of which the false acknowledgment was but a part. Sureties are never held beyond the strict terms of their agreements, and it would seem illogical to bind this defendant not only for the violation by Dreischmeyer *of his official duty,* but for other and subsequent frauds against which it did not promise to indemnify persons doing business with the notary public and without which the plaintiff must have discovered the illegal nature of the forged acknowledgment." (Italics ours.) (*Norton* v. *Title Guaranty & Surety Co., supra,* pp. 214, 216.) The same rule was applied in *Hellwig* v. *Title Guaranty & Surety Co.,* 39 Cal. App. 422 [179 Pac. 222], and in *Peterson* v. *Title Guaranty & Surety Co.,* 35 Cal. App. 103 [169 Pac. 239]. The remarks of the Supreme Court mean

that if official misconduct is an essential part of the facts causing the injury complained of, the case against the surety is not to be regarded as a fraud action, because of any misrepresentation or concealment involved. The Supreme Court used the word "statutory". It was not speaking of a private fiduciary. And with one exception—a receiver—the cases cited have dealt with acts of strictly public officers. The Supreme Court has not ruled that where fraudulent conduct is the basis of the cause of action and the nature of the office—a position of trust toward the party complaining—imposes on the officer a duty to refrain from concealment, the statute of limitations against the wrong runs from the time the wrong is committed. Seemingly without exception, the cases show that fraud of a fiduciary is entitled to no other name than that of fraud and to no other protection than the statute of limitations applying to concealed fraud. A real estate agent contracts to protect his employer. Confidence is imposed, and he acts in a fiduciary capacity and owes an affirmative duty of disclosure. This is elementary. (*Duff* v. *Duff*, 71 Cal. 513, at page 532 [12 Pac. 570] ; *Allsopp* v. *Joshua Hendy Machine Works*, 5 Cal. App. 228 [90 Pac. 39].) To bond the agent is to bond against breach of the duty referred to. The case of *United B. & T. Co.* v. *Fidelity & Deposit Co., supra*, dealt with a receiver's bond, and held that the rule of the cases first cited above applies to such a bond. While a receiver's powers and duties are not directly prescribed by statute they are dependent upon the court's order of appointment. (Code Civ. Proc., sec. 568.) As has been frequently declared, property held by a receiver is held in custody of the law. His position resembles that of a public officer whose duties are to a great extent expressly prescribed by statute. Many of a fiduciary's obligations do not depend upon statutory enactment, even in those cases where he acts by court appointment. When an administrator of an estate commits a fraud the liability which arises is not treated as a liability created by statute. The statute of limitations begins to run from the discovery of the fraud. In the litigation represented by the two decisions in the case next cited, the final decision being by the Circuit Court of Appeals for the Ninth Circuit, it was ruled that subdivision 4 of section 4054 of the Revised Codes of Idaho, which

section reads the same as section 338 of our Code of Civil Procedure, applies to the fraudulent conduct of an administrator of an estate. Discovery of the fraud occurred many years after the wrong was committed. The administrator's surety was made a party and made subject to the same ruling. (*Diamond* v. *Connolly,* 276 Fed. 87, at p. 90; *Diamond* v. *Connolly,* 251 Fed. 234, at p. 241.) Our Supreme Court denied a hearing in the case next cited. Fraud had occurred in the rendition of a guardian's accounts. The guardian was held liable for the fraud of the attorney whom the guardian employed. The court said: "The defendants claimed the action was barred by the statute of limitations. The very gist of the action is the alleged fraud of the defendants. The plaintiff was not bound to make outside inquiries, but was entitled to rely on the assumption that the defendants would treat him fairly. He was not bound to commence an action until he discovered facts showing that he had been treated otherwise. He commenced this action within one year after making the discovery of the alleged shortages. His action was commenced in time." (*Gaver* v. *Early,* 58 Cal. App. 725, at p. 730 [209 Pac. 390, 392].) Where an executor or administrator practices fraud upon a beneficiary of an estate, or where a guardian cheats and defrauds his ward, the statute of limitations does not begin to run until the discovery of the fraud. (*Powell* v. *Overton,* 191 Iowa, 574 [181 N. W. 24]; *In re Anderson,* 97 Wash. 688 [167 Pac. 71]; *Sunter* v. *Sunter,* 190 Mass. 449 [77 N. E. 497]; *Lewis* v. *Welch,* 47 Minn. 193 [48 N. W. 608, 49 N. W. 665]; *Morris* v. *Johnstone,* 172 Ga. 598 [158 S. E. 308]; *Arrington* v. *McDaniel,* (Tex. Civ. App.) 4 S. W. (2d) 262; *Rosenberg* v. *Rosenberg,* 141 Wash. 86 [250 Pac. 947].) Where a fiduciary commits a fraud and does not reveal it, the statute runs only from discovery or from the time of having means of knowledge. (*Levy* v. *Ryland,* 32 Nev. 460 [109 Pac. 905]; *Irwin* v. *Holbrook,* 26 Wash. 89 [66 Pac. 116]; *Vigus* v. *O'Bannon,* 118 Ill. 334 [8 N. E. 778]; *Dumbadze* v. *Lignante,* 244 N. Y. 1 [154 N. E. 645].) And as our Supreme Court has noted, where the duty is strictly official and statutory, and it is fraudulently performed, the statute of limitations, in some states, runs only from the time of the discovery, the surety being held along with the principal. (*Morrissey* v. *Carter,* 103

Okl. 36 [229 Pac. 510]; *State* v. *American Surety Co.*, (Mo. App.) 254 S. W. 561; *Skagit County* v. *American Bonding Co.*, 59 Wash. 1 [109 Pac. 197]; *Allen* v. *State*, 6 Kan. App. 915 [51 Pac. 572].)

Counsel for respondent points to the case of *Blumenthal* v. *Larson*, 79 Cal. App. 726 [251 Pac. 241]. The case dealt with the liability of a surety on a bond which was given under section 5 of the Corporate Securities Act, as amended in 1923 (Stats. 1923, p. 90), and which guaranteed compliance by defendant Larson with the law while acting as a licensed broker under said act. The court held that the bond covered only breaches of the specified requirements of the Corporate Securities Act, such as the selling of securities when no permit had been issued. But the Corporate Securities Act was amended and the scope of the bond required was widened so as to include a case of ordinary fraudulent conduct of the broker. (Stats. 1925, p. 967.) It is now held that the "right of a party to sue a broker for actual fraud in the sale of securities is clearly recognized by the provisions of the act". (*Hogberg* v. *Landfield*, 99 Cal. App. 360, at p. 364 (274 Pac. 907, 909].) The surety was held liable along with the principal.

The cases dealing with the Real Estate Brokers' Act make it obvious that its purpose was to regulate real estate brokerage business and give persons employing real estate agents protection. It has been repeatedly ruled that the bond given by the broker protects the employer against the fraudulent conduct of the broker and his employees. (*Dodge* v. *National Surety Co.*, 110 Cal. App. 618, 620 [294 Pac. 741].) The employees are not deputies. They are not officials. The following late case quotes from an earlier case: "In the case of *Dodge* v. *National Surety Co.*, 110 Cal. App. 618, 620 [294 Pac. 741], the precise point was passed upon. There it was said: 'It is argued that the Surety Company cannot be held liable for fraudulent acts of the brokers' employees because the bond ran to the brokers alone. The point is without merit.'" (*Smithson* v. *Sparber, supra,* at p. 611.) The case last cited shows the care with which the act has been amended. If the object and purpose of the statute were to prevent fraud and to allow a recovery for fraud of a real estate agent, it is inconceivable that the act would be construed so as to permit the surety of a real estate

434

agent who was sufficiently shrewd and clever to conceal his fraud for a period of three years to escape liability. This would simply put a premium upon high-class fraud. The general rule is that ''a surety's liability is measured by that of his principal and where, owing to the concealed fraud of the latter, the statute has not commenced to run, the surety will not be permitted to invoke the protection of the statute on the ground that he was innocent of the fraud''. (17 R. C. L., p. 866.)

For the reasons stated, it is our conclusion that the trial court erred in ruling that the statute of limitations had run against the liability of the defendant insurance company and accordingly directing a verdict in its favor. The judgment in favor of said company based on said verdict is therefore reversed, with directions to re-enter the same in favor of said plaintiff and against said company for the amount of the principal sum specified in the bond.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 28, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1932.