Henderson Stockton, of Phœnix, Ariz., and Ray B. Westervelt, of Prescott, Ariz., for appellants.

Isaac Barth and F. E. Flynn, both of Prescott, Ariz., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

## HAWS et al. v. FRACAROL.
### No. 7038.

Circuit Court of Appeals, Ninth Circuit.

Aug. 31, 1934.

Appeal from a judgment for plaintiff, pursuant to verdict for $800 with interest, in an action against a sheriff and the surety on his official bond for alleged negligent failure to levy a general writ of execution which plaintiff, as judgment creditor, had caused to be issued against her judgment debtor, one Padilla, under a judgment for more than $6,-000.

The case is before us for the second time; an earlier judgment for plaintiff was reversed for reasons stated in (C. C. A.) 27 F. (2d) 74 (1928). The present appeal presents entirely different questions. The original complaint was based on defendant Sheriff Haws' negligent failure to levy on personal property; the third amended complaint, on which the case was retried, was based upon his negligent failure to levy on real estate belonging to Padilla, followed by the latter's disposal of this property and his insolvency.

A demurrer for failure to state a cause of action was overruled. Appellants contend, while appellee appears to deny, that the liability attempted to be charged in the complaint is that now embodied in the second sentence of section 839, Ariz. Rev. Code 1928.* If it were entirely clear that plaintiff had based her complaint solely on this statutory provision, we might have to determine whether, contrary to the views of the trial judge, appellants are correct in the contention that the phrase "after being required by the creditor" calls for something more specific in the way of instructions than the general directions in the writ itself to levy on debtor's personal property or, if none, then on his real

*Ariz. Rev. Code 1928, § 839: "* * * * If the sheriff to whom a writ of execution is delivered neglects or refuses, after being required by the creditor, to levy upon or sell property of the party named in the writ, subject to levy or execution, he shall be liable to the creditor for the value of such property."

estate. If it does, then the failure to sustain the demurrer would be reversible error, inasmuch as the complaint contains no allegations of specific instructions. It may be noted that at one time, Texas (many of whose statutes as well as those of California were copied in the Arizona Revision of 1887, 1 Stimson Amer. Stat. Law, First Supplement p. v.) had a statute (Paschal's Dig. [2d Ed. 1870], art. 3796) with a similar "requirement." This Texas act, however, made the sheriff liable not for the value of the property, but for the entire debt, regardless of actual damages. The courts held, in actions begun specifically thereunder, that an allegation that such a demand on the sheriff had been made was essential to a good complaint. Walton v. Compton, 28 Tex. 569 (1866); Lyendecker v. Martin, 38 Tex. 288 (1873). The "requirement" was, however, eliminated in the Texas Rev. St. of 1879, art. 2326. California has, and long since has had, a provision similar to Ariz., section 839. 2 Cal. Pol. Code (Deering 1931) § 4161. No California decision as to the interpretation of the "requirement" has been found; in Howe v. White, 49 Cal. 658 (1875), an express demand on the sheriff was alleged in the complaint. Nor does a similar provision in other western states (Montana Rev. Codes [Choate, 1921] § 4781; 1 North Dakota Comp. Laws 1913, § 3394; Utah Rev. St. 1933, § 19-19-14; Nev. Comp. Laws 1929, § 2152) appear to have been interpreted in any reported decision.

In the absence of any reported decision by the Arizona state courts, and in view of our conclusions on other points, we refrain from expressing an opinion on the interpretation of section 839 in this respect.

By special demurrer and by plea, as well as by motion for directed verdict, appellants further contended that the action if otherwise sustainable, was barred by the one year period of limitation fixed by the Arizona Statute of 1913 now embodied in Ariz. Rev. Code 1928, § 2058, for an action "upon a liability created by statute, other than a penalty of forfeiture." Appellee concedes that the action is barred if it is one upon a liability created solely by statute.

While the complaint in this case does not specifically count on a violation of section 839 as the basis of liability, it is apparent that the trial judge in reading that section to the jury and appellants in demurring and in asking for instructions in accordance with their contention as to its interpretation, regarded the action as based thereon, and that appellee in no wise expressed dissent therefrom. The

present assertion in the brief for appellee that the complaint is based on the common law liability of a sheriff for violation of the duties of his office is apparently an afterthought. In any event, however, the sheriff's duties in Arizona are imposed by statute (sections 837 and 4220). In our judgment, although a liability is said not to be created by statute unless it is one "which would not exist but for the statute" [Hocking Valley R. Co. v. New York Coal Co., 217 F. 727, 730 (C. C. A. 6, 1914)], any action against a public officer for a violation of his statutory duties expressly imposed by statute is to be regarded, under Arizona law, as one upon a liability created by statute. The four cases of Griffith v. State (Ariz.) 20 P.(2d) 289, 291, and 295 (1933), appear to be decisive of Arizona law on this question. In those cases, the action was against a county assessor and the surety on his official bond to recover a large sum of money collected for the county and fraudulently converted by him and his deputy. The bond was conditioned on the faithful performance of "all official duties required of him by law." As the court said "obviously, the liability on which the action was brought was created by statute." The one year's statute was, therefore, held applicable.

The serious question, however, was when that statute began to run, inasmuch as, while the action was brought within one year of the discovery of the conversion, it was not brought within one year of the conversion itself. The court points out that the complaint "alleges not merely that the money was converted, but that it was done fraudulently and in substance in the breach of a trust." Page 291 of 20 P.(2d). Expressly differing with the cited California and later Idaho cases, the court held that the one year began with the discovery of and not with the act of conversion. While there was nothing in the words of the statute itself to justify this construction, the court based it on the ground that the act of the assessor constituted not merely a statutory conversion, but, as alleged, a fraud arising out of the breach of trust. The test, as the court states, is "not whether the action is one of fraud, but whether the action seeks relief * * * on account of fraud * * * in the original transaction." Page 292 of 20 P.(2d).

These expressions and this conclusion of the court make it clear that in their judgment the assessor's liability was not based solely upon the statute requiring him to turn over to the county the moneys collected in his official

capacity, but independently thereof grew out of a fraud based upon a breach of trust in converting moneys received in a trust capacity. Of course, he received the moneys and the trust relation was established only because he was a public officer. Similarly, however, the sheriff in the instant case became obligated to make the levy only because he too was a public officer and as such charged with the duties of his office. See, too, City of St. Anthony v. Mason, 49 Idaho, 717, 291 P. 1067 (1930); Wonnacott v. Kootenai County, 32 Idaho, 342, 182 P. 353 (1919); Canyon County ex rel. Griffiths v. Moore, 34 Idaho, 732, 203 P. 466 (1921); Multnomah County v. Kelly, 37 Or. 1, 60 P. 202 (1900); State v. Davis, 42 Or. 34, 71 P. 68, 72 P. 317 (1903); Sonoma County v. Hall, 132 Cal. 589, 62 P. 257, 312, 65 P. 12, 459 (1900); Gallatin County v. United States Fidelity & Guaranty Co., 50 Mont. 55, 144 P. 1085 (1914); Box Elder County v. Harding (Utah, 1934) 28 P.(2d) 601; but cf. City of Butte v. Goodwin, 47 Mont. 155, 134 P. 670, Ann. Cas. 1914C, 1012 (1913). Although in all such cases as have come to our attention the action was for moneys which were received or which should have been collected by the officer in his official capacity with obligation to account therefor, there is no indication in any of them that the limitation statute is to be confined to such cases or that an action by a private individual for damages suffered as a result of a breach of official duty is to be distinguished in this respect from one by the public body. Indeed, the contrary is indicated by cases which hold that a statutory liability is the basis of an action by a private individual against the clerk of court for losses resulting from an improper entry in the record, Shackelford v. Staton, 117 N. C. 73, 23 S. E. 101 (1895); Howe v. Taylor, 6 Or. 284 (1877); or against a notary public for losses due to a false certification, Steinbrenner v. Elder, 80 Mont. 395, 260 P. 725 (1927); Norton v. Title Guaranty & Surety Co., 176 Cal. 212, 168 P. 16 (1917); Hellwig v. Title Guaranty & Surety Co., 39 Cal. App. 422, 179 P. 222 (1919). But cf. Morrissey v. Carter, 103 Okl. 36, 229 P. 510 (1924), holding in an action against sheriff and surety for loss resulting from false return that the liability is not one created by statute; see, too, National Bank of Claremont v. Jefferies, 126 Okl. 283, 259 P. 260 (1927).

In Fidelity & Deposit Co. v. Lindholm (C. C. A.) 66 F.(2d) 56, 59, 89 A. L. R. 279 (1933), an action by a distributee against an administrator and his bondsman for failure to pay him the amount specified in the decree of distribution, we distinguished such cases as that of Sonoma County v. Hall, supra, on the ground that a California administrator, while in one sense an officer of the court, is not a state or public officer in the usual sense, and that his "duty to account is a common-law obligation independently of statute." We held, therefore, that the California three-year limitation act for liabilities created by statute was inapplicable. But see, contra, Donley v. Goll, 132 Kan. 746, 297 P. 426 (1931) (action by a ward against his guardian and the surety). Davis v. Clark, 58 Kan. 454, 49 P. 665 (1897), however, is distinguishable from the Lindholm Case because there the plaintiff was not a distributee but the successor administrator; the duty to account to him instead of to the legatee was strictly and solely statutory and not, in any sense, like that of a trustee to his cestui que trust.

The statement in Metropolitan R. R. v. District of Columbia, 132 U. S. 1, 13, 10 S. Ct. 19, 23, 33 L. Ed. 231 (1889), that "the fact that the duty which the defendant failed to perform was a statutory one does not make the action one upon the statute," quoted by appellee, must be read in the light of the facts in that case. There, the defendant railroad, having failed in its statutory duty of keeping the street in repair, was sued by the District for moneys which it had expended in making the necessary repairs. The action was, as the court said, "upon an implied assumpsit arising out of the defendant's breach of a duty imposed by statute, and the required performance of that duty by the plaintiff in consequence." It was not to recover damages for breach of a statutory duty of the defendant, but for reimbursement to the District, which, having a legitimate interest to protect, had discharged defendant's statutory obligations.

Statutes creating special periods of limitation for actions against sheriffs, constables, etc., are not uncommon but they are properly regarded as special exceptions to the general statutes limiting the time for actions on liabilities created by statute. Barnes v. Massachusetts Bonding Co., 89 Or. 141, 172 P. 95 (1918). In the absence of such a special statute, the sheriff's liability should not be held to be different in this respect from that of other public officers and the private individual's right of action should not be held to survive that of the government. In Arizona there is a special statute of limitations respecting actions against the sheriff, but by its terms it applies only to actions for failure

to make a return and is therefore inapplicable here. Ariz. Rev. Code 1928, § 2064.

We conclude, therefore, that plaintiff's right of action, if otherwise sustainable, was barred by the statute of limitations.

Judgment reversed.