[Civ. No. 213.   Fourth Appellate District.—May 20, 1930.]

R. G. CHASE et al., Respondents, v. ALFRED G. BLAIR, Appellant.

Merriam, Rinehart & Merriam for Appellant.

Olney Scott Williams for Respondents.

CARY, P. J.—The defendant Alfred G. Blair appeals from a default judgment rendered against him.

Plaintiffs brought this action to specifically enforce a contract between plaintiffs as vendees and the defendant

Blair as the vendor for the purchase of certain real property. Defendant First National Bank of Oceanside was made a party because it held in escrow the contract and deed involved. Defendant bank filed its answer denying the allegations of the complaint, and upon application to the court secured an order apparently under Code of Civil Procedure, section 386, substituting appellant Alfred G. Blair (already a party defendant) and Susie A. Blair, his wife, as defendants in place of the bank, upon condition that the bank deliver to the court the documents held in escrow. This being done, a further order was entered discharging the bank from all liability to the parties. Defendant Alfred G. Blair having failed to answer the summons issued on the original complaint, a judgment was rendered against him for a small amount of money and also directing the clerk to deliver to plaintiffs the documents theretofore surrendered by the bank. No judgment was rendered against the substituted defendant Susie A. Blair.

▇ Appellant contends that, when he was substituted by order of the court for the defendant bank, he was entitled *ipso facto* to the benefit of the denials contained in the answer of the bank then on file and that therefore no default could rightfully have been taken against him.

Had this been a substitution of parties, because of death or disability or because of the transfer of an interest in the subject matter of the litigation, as contemplated by Code of Civil Procedure, section 385, there would be force to this contention. But in the case at bar there was no mere substitution of one defendant as successor in interest of another, but rather the attempted substitution of defendant Blair, who did claim certain rights to the documents involved, in place of defendant bank, which claimed no interest in the documents whatsoever and whose only interest was to deposit these documents in court so that the real litigants might proceed to a determination of their rights. Clearly there was no privity of interest between the bank and the appellant by which appellant could claim the benefit of the denials of the bank's answer. There was in reality no substitution at all, since the first sentence of section 386 is by its terms limited to the substitution of persons not a party to the action, while here appellant was a party from the inception of the proceedings.

Appellant's second and last point is that the court gave judgment for damages, whereas the complaint sets forth no facts entitling plaintiff thereto.

This contention must be sustained. In an action for specific performance there may be included in the relief granted not only the specific enforcement of the contract, but also such damages as the vendee may have suffered by reason of the delay in performance. (*Abbott* v. *76 Land & Water Co.*, 161 Cal. 42, at 47 [118 Pac. 425].) However, in plaintiff's complaint the only reference to damages is to be found in the prayer, the second subdivision of which is as follows: "For $1200 damages for withholding the same." That this is not sufficient has been held in *Bradbury* v. *Higginson*, 162 Cal. 602, at 609 [123 Pac. 797].

It is ordered that the decree herein be modified by striking therefrom the following: "the sum of $37.20 United States gold coin, with interest thereon at the rate of 6 per cent per annum from date hereof until paid, together with," "together with $54.40 in money," "$52.40 in money," "and it is further ordered, adjudged and decreed that said plaintiffs do have execution against the property of Alfred G. Blair for the sum of $——" and "the sum of $52.40 now in the hands of the clerk is hereby ordered applied to said judgment, leaving a balance of $—— for which it is hereby ordered that no execution issue therefor." And as so modified the judgment is affirmed. Each party is to pay his or their own costs on appeal.

Marks, J., and Barnard, J., concurred.