[Civ. No. 1536. Fourth Appellate District.—January 7, 1936.]

MAY N. PURKISER, Respondent, v. IRVING R. FOGLER, Appellant.

Fred A. Wilson and Wilson & Coughlin for Appellant.

Burton E. Hales for Respondent.

BARNARD, P. J.—The parties hereto are sister and brother. After the death of their mother the plaintiff recorded deeds purporting to convey the mother's property to her. This defendant and another brother started proceedings to establish their right to a two-thirds interest in the properties conveyed. A compromise was effected and on November 23, 1928, the three children of the deceased executed an agreement which provided that the two brothers would discontinue their contest, that the sister would convey the south half of a certain forty-acre tract of land to the two brothers, that she would convey the north half of this tract to this defendant, and that he would pay to her the sum of $10,000 for the same.

On March 18, 1929, this defendant tendered to this plaintiff the sum of $10,000 and the two brothers demanded conveyances in accordance with the agreement. On March 22, 1929, the two brothers brought an action against this plaintiff for specific performance of the contract. This plaintiff answered, alleging, among other things, that this defendant had repeatedly refused to comply with the conditions of said agreement. After a trial in that action the court found in favor of the plaintiffs therein and, as a conclusion of law, found that said plaintiffs were entitled to a judgment specifically enforcing the provisions of the agreement referred to. Judgment was entered in that action specifically enforcing the agreement and directing the defendant therein to convey to the two plaintiffs the south half of the tract in question free of encumbrances created by her subsequent to the date of the agreement, and to convey to this defendant upon payment of the sum of $10,000, the north half of the tract in question free from similar encumbrances. This plaintiff took an appeal and that judgment was subsequently affirmed. (*Fogler* v. *Purkiser,* 127 Cal. App. 554 [16 Pac. (2d) 305].)

Two days before the *remittitur* was filed in that action this plaintiff tendered deeds to both halves of the tract in question, respectively, and demanded payment of the $10,000 from this defendant. This demand was not complied with and this action was begun to recover the sum of $10,000 with interest from November 23, 1928, the date of the agreement. This defendant answered setting up, among other things, that the judgment in the first action was a bar, that the property in

question had declined in value and that this plaintiff had not paid the taxes since the date of the agreement. The court found in favor of the plaintiff and entered judgment against the defendant for $12,916.67, from which judgment this appeal was taken.

The appellant's main contention is that his obligation to pay the $10,000 might have been litigated in the first action, that the judgment in the prior action did not order him to pay that amount, that the respondent here could have asked for and secured such relief in the other action and that, therefore, the prior judgment constitutes a bar to this action. He relies upon *Elm* v. *Sacramento Suburban F. L. Co.*, 217 Cal. 223 [17 Pac. (2d) 1003]; *Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502 [258 Pac. 387]; *Bingham* v. *Kearney*, 136 Cal. 175 [68 Pac. 597], and similar cases, following the general rule that a judgment operates as *res judicata* not only as to the existence of the plaintiff's cause of action but as to the nonexistence of a defense which was not pleaded, and that a judgment between the same parties is conclusive not only as to the subject matter in controversy in the action but also upon all matters involved in the issues which might have been litigated and decided in the case.

While the general rule thus relied upon is well established, we think it cannot be applied here without extending the rule in a manner not warranted by the reasons upon which it is based and not justified by the circumstances here appearing.

As applied to a defendant this rule is based upon the principle that such a party, when given his day in court, should set up all of his defenses including all matters upon which he relies in opposition to the claims of the plaintiff. This is well illustrated in the case of *Elm* v. *Sacramento Suburban F. L. Co.*, *supra*, where the defendant's claim for a balance of the purchase price of certain real property could well have been presented and decided in a former action wherein the vendee sought and recovered a judgment for damages for misrepresentations in the sale of the land. In that case the court pointed out and applied the general rule that the judgment in the former action was conclusive on all matters involved in the issues and which might have been litigated and decided in the former case. In *Price* v. *Sixth District Agricultural Assn.*, *supra*, the court said: "But an issue may not be thus split into pieces. If it has been determined in a former ac-

tion, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result. In other words, when an issue has been litigated all inquiry respecting the same is foreclosed, not only as to matters heard but also as to matters that could have been heard in support of or in opposition thereto.''

In the former action, with which we are here concerned, the issue was as to whether the contract between the parties was still in force and whether the brothers were entitled to a specific performance thereof. No issue was presented as to whether the appellant here should be compelled to pay the $10,000 in question and no such issue was decided by the court. In the former action the brothers alleged that they were then ready and willing to pay that amount, which was not denied by this respondent. If it could be assumed that this respondent could, in that action, have asked that they be compelled to pay that amount this would not have been in opposition to the issues there presented by the brothers but would rather have been in support thereof. While such an estoppel as is here contended for would extend to every matter which was or might have been urged to defeat the determination actually made, we think the rule cannot be so extended as to require the defendant in an action for specific performance to abandon her defense in that action and, in effect, to request the court to grant the relief asked for by the other party.

A further consideration is that this respondent was in no position to demand, in the other action, that the amount called for in the contract be paid to her since she had not then tendered the deeds which were requisite to such a payment, she was then unwilling to give the deeds and the very purpose of that action was to compel her to deed the property. She had a right to defend that action and although she did not prevail therein, in our opinion, she did not lose all of her rights under the contract by failing to ask for the payment when her entire defense was based upon the contention that she was not obligated to convey the land or accept the payment. The rule that a judgment is conclusive as to things incidental thereto and which might just as well have been litigated in that action does not go so far as to compel a party to confess judgment therein or to set up and claim

something which is directly opposed to the relief he seeks in that action. The respondent was not required in the former action to defend against the validity of the contract in question and at the same time to ask for its enforcement.

■ The appellant next contends that the respondent was in default when she refused to accept the money tendered in March, 1929, and that having been in default she may not maintain this action based upon a breach of the contract by the other party. While the appellant had a right at that time to treat the contract as broken and at an end he did not elect to regard it as discharged but brought an action and succeeded in having it established that the contract was still in force. Under such circumstances he cannot rely upon the original default of the other party as making the contract void in part while it remains valid in another part. The appellant's position is that the respondent is still obligated to convey to him and to his brother, without further compensation, the south half of the land in question, but that the other part of the contract is void.

■ It is further urged that the judgment is erroneous in that it did not require the respondent to do equity. This is based upon the fact that the court did not deduct the amount of the unpaid taxes which had accumulated against the property in question or which had been paid by the appellant. The appellant had paid the taxes for one or two years but not for the rest of the time after the contract was executed. Not only is this not an equity case, but the court found upon sufficient evidence that the appellant had been in possession of the land and had received the benefits thereof at all times after the date of the agreement. ■ Having taken possession under an executory contract which was silent as to who should pay the taxes, the vendees could not compel the vendor to pay the same. (*Havens* v. *County of Alameda*, 30 Cal. App. 206 [157 Pac. 821].)

■ It is finally urged that the judgment is erroneous in that it includes interest from February 6, 1930, the date of the judgment in the former action, to April 7, 1934, the date of the judgment in this action. We think this contention is correct in so far as that portion of this time during which the respondent was unwilling to accept the payment is concerned. The vendee was not in default until January 16, 1933, when deeds were tendered to him and at which time he refused to

pay the money. The amount allowed for interest should have been $875 instead of $2,916.67.

The judgment is reduced from $12,916.67 to $10,875 and, as so modified, is affirmed; each party to the action to pay his own costs.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 5, 1936.