[Civ. No. 16437.   Second Dist., Div. Two.   Feb. 16, 1949.]

SAM LIFTON, Appellant, v. HARRY T. HARSHMAN
et al., Respondents.

George I. Devor, Newmark & Hamblin and Norman New-mark for Appellant.

Stephen Monteleone and W. Torrence Stockman for Respondents.

MOORE, P. J.—This is the second appeal in an action for specific performance of a contract to convey real property.

Respondents having refused to consummate their agreement to sell an apartment house to appellant, he instituted this action for specific performance. An adverse judgment was reversed upon appellant's first appeal with instructions to the trial court "to (2) take evidence upon the sole question of the loss and damage suffered by plaintiff as alleged . . . (3) to include in its findings of fact a finding of the amount of damages suffered by plaintiff as shown by the evidence which the court is hereby directed to receive; (4) to make and file conclusions of law consonant with the findings; (5) to render and enter a judgment in favor of plaintiff in accord with the findings hereby directed to be made and with this opinion." (*Lifton* v. *Harshman,* 80 Cal.App.2d 422,

436 [182 P.2d 222].) Upon a retrial the court made its findings and awarded plaintiff damages. This appeal is grounded upon the contentions that the trial court erred (1) in failing to award damages to appellant based upon the rents, issues, and profits of which he had been deprived and (2) in charging appellant with payments of interest and principal on the deferred portion of the purchase price.

The correctness of appellant's contentions compels a reversal of the judgment. It is not in accordance with the instructions contained in the order of reversal on the prior appeal. The clear mandate of this court was to enter judgment for plaintiff consonant with "a finding of the amount of damages suffered by plaintiff." This the court has failed to do in that its judgment was predicated, not upon appellant's damages, but upon the profits gained by respondents which were much less than the detriment suffered.

At the date of the agreement to purchase, the premises were subject to an outstanding lease which under the terms of the escrow instructions was to be cancelled by respondents prior to close of escrow. The lease was not cancelled, but remained in effect up to and including the second trial. Under its terms the lessee collected all rents from the tenants, defrayed current operating expenses and paid respondents $960 per month. Upon this figure the court predicated appellant's recovery in that it concluded "that it is fair and equitable to charge defendants . . . the actual rents and profits received and collected by defendants from the assignees of the lease." But the rentals received by respondents were not the damages suffered by appellant. Such damage is the total amount appellant would have realized from the rentals earned after respondents' breach of the agreement less the reasonable costs of operations and necessary repairs. To hold that the measure of a vendee's damages suffered by reason of the vendor's refusal to convey property is the amount received by the vendor under a subsisting lease on the property, might effectually preclude the vendee from a recovery of his true losses. Such preclusion would readily result if the vendor should resort to the simple expediency of assigning his interest in the lease to another who would collect the rentals, pay the necessary expenses and divide the profits with the vendor who would in turn report his share as the total revenues of the property. Moreover, the conclusion of the court is not consistent with the fourth finding of fact, to wit: "It is true that by reason of the failure and

delay on the part of defendants to convey to plaintiff as agreed the real and personal property described and referred to in plaintiff's amended complaint, plaintiff has been deprived of the rents, issues and profits, and of the value of the use and occupation of said property and will continue to be deprived thereof until the acquisition by plaintiff of the title to and possession of said property, free and clear of all encumbrances and free and clear of the possessory interest of any person.''

■ The method pursued by the court in computing appellant's damages was to subtract $18,326.83, the total sum paid by respondents for taxes, insurance, painting, etc., from $31,227, the total amount received by respondents from the lessee and assignees. This method was erroneous. The legal measure of damages which a vendee suffers by reason of the delay in performance by the vendor is the reasonable rental value of the property. (*Heinlen* v. *Martin,* 53 Cal. 321, 344; *Abbott* v. *67 Land & Water Co.,* 161 Cal. 42, 47 [118 P. 425] ; *Coleman* v. *Dawson,* 110 Cal.App. 201, 213 [294 P. 13] ; *Smith* v. *Schrader,* 80 Cal.App. 478, 489 [251 P. 967] ; *Jonas* v. *Leland,* 77 Cal.App.2d 770, 778 [176 P.2d 764] ; *Chase* v. *Blair,* 105 Cal.App. 744, 746 [288 P. 681] ; *Fisher* v. *Losey,* 78 Cal.App.2d 121 [177 P.2d 334] ; 95 A.L.R. 228.) That value is not derived in the manner pursued by the court. Whereas the computation of the vendee's damages should have proceeded by deducting the reasonable costs of necessary repairs and operation expenses from the gross income paid by the tenants during the period vendee was deprived of the use of the property, the court below made no such calculation. Instead, it merely ascertained and determined that the gross rentals paid were in excess of $1,840 per month, but made no finding of the exact amount paid during the 31 months while appellant was deprived of possession. Also, the court did not make a finding ''as to the expenses of operation, repair and maintenance of said building, for the reason that the court deems such facts to be immaterial.'' Indeed, such a finding is indispensable to a determination of the correct amount of the judgment. By reason of the absence of findings of those expenses it is impossible for this court to ascertain the exact amount of damages suffered by appellant. Of necessity, therefore, the matter must be remanded for findings on the questions of the exact amount of the rentals and of the necessary disbursements.

■ Since this court clearly held in the prior decision (80

Cal.App.2d 422, 433) that "it was not incumbent upon appellant to tender the purchase price" until the seller was prepared to deliver a good deed, it was improper for the trial court to credit respondent and charge appellant with any of the deferred purchase price. Neither was it correct to charge appellant with interest on any portion of the purchase price. He cannot be charged with interest on an obligation prior to the time he is obliged to discharge it. Although appellant did tender the cash payment and the trust deed note, he was not obliged to do so. Therefore, he was not obliged to pay interest on them. (*Purkiser* v. *Fogler,* 11 Cal.App.2d 144, 149 [52 P.2d 1004]; *Moore* v. *Beiseker,* 147 F. 376, 377 [77 C.C.A. 545]; *Brooks* v. *Fidelity Savings & Loan Ass'n,* 54 Cal.App.2d 130, 135 [128 P.2d 711].)

. The judgment is reversed with instructions (1) to make and file a finding as to the gross rentals paid by the tenants from February 24, 1945, until appellant gained possession of the premises; (2) to make and file a finding as to the reasonable operating expenses, costs of necessary repairs and maintenance taxes and insurance incurred and paid during that period; (3) to deduct the amount of the gross expenses specified in finding (2) from the total gross rentals and to enter judgment in favor of appellant for the balance.

McComb, J., and Wilson, J., concurred.

The opinion and judgment were modified to read as above and a petition for rehearing was denied March 4, 1949. The following opinion was then rendered:

THE COURT.—The petition for rehearing asks this court so to correct its order of reversal that it will comprehend some transaction which the parties consummated after the first appeal. The transaction referred to in the petition appears to have resulted in an agreement for appellant to credit respondent with about $13,610.99. No mention was made of that agreement in either brief on the second appeal. That is not a concern of this court, but should be presented to the trial court at the time of the trial of the sole issue specified in the order of reversal when all payments heretofore made or credits agreed upon shall be reckoned in computing the judgment.

Respondents' petition for a hearing by the Supreme Court was denied April 14, 1949. Carter, J., and Schauer, J., voted for a hearing.