[Civ. No. 17195.   First Dist., Div. Two.   Apr. 15, 1957.]

MILTON M. ESTRIN, Appellant, v. D. D. WATSON, as State Real Estate Commissioner, etc., Respondent.

Shirley, Saroyan, Calvert & Peterson and Robert E. Cartwright for Appellant.

Edmund G. Brown, Attorney General, and Carl W. Wynkoop, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was a real estate broker doing business under the fictitious name of Rem Realty Company. He appeals from a judgment of the superior court affirming the order of the Real Estate Commissioner suspending his broker's license for six months. The order was based on a finding that appellant had violated section 10176 subdivisions (a), (b) and (i), and section 10177 subdivision (f) of the Business and Professions Code.

The complainant, Mrs. Elizabeth Collins, placed two pieces of real property for sale at $23,000 with the Rem Realty Company through one Nicholson, an employee of appellant. The evidence shows that appellant executed a contract to purchase the property, describing himself in the contract as a ''real estate broker,'' but not disclosing that he was in fact Rem Realty Company. He placed a first mortgage on the properties of $20,000 paying a $4,000 bonus for the loan. He also collected a commission on the sale to himself.

Mrs. Collins, the seller, was not informed and did not know that the purchaser was her broker and was not informed and did not know the amount of the $20,000 first mortgage nor that appellant had paid a $4,000 bonus for the loan thus placing on the property a lien for $20,000 for an actual $16,000 loan. Nicholson testified that appellant did not instruct him to inform Mrs. Collins that appellant was Rem Realty Company or of the amount of the first mortgage placed on the property.

Appellant, as broker, owed a duty of full disclosure to his client, Mrs. Collins, when he became the purchaser of her property. (*Wells Fargo Bank* v. *Dowd*, 139 Cal.App.2d 561, 574 [294 P.2d 159] ; *Fisher* v. *Losey*, 78 Cal.App.2d 121, 124 [177 P.2d 334] ; 9 Cal.Jur.2d, Brokers, § 55, pp. 204-205.) He was under the affirmative duty to inform Mrs. Collins that he was her broker when he undertook to purchase her property and his taking a commission without seeing that she had this information, and his placing a $20,000 first mortgage lien on her property for an actual loan of $16,000 without seeing that she was informed of that fact were further reprehensible violations of his fiduciary duty. The affirmative duty was on appellant personally when he undertook to act as broker and

purchaser in the same transaction to take steps himself to see that his client was fully informed of the facts. He cannot escape the penalty for his failure by saying that his agent Nicholson should have made these disclosures especially when Nicholson testified that appellant did not instruct him to do so.

Appellant's claim that the commissioner's findings are insufficient because they contain no finding that appellant had "guilty knowledge" of Nicholson's conduct is futile. His own conduct in acting as broker and purchaser in the same transaction without taking any steps to inform his client of the facts is the gist of his wrong-doing.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 12, 1957.