[Civ. No. 5570.   Fourth Dist.   Nov. 27, 1957.]

JOSEPH P. DUVAL, Appellant, v. JAMES D. DUVAL, Respondent.

T. L. DeBord for Appellant.

Riedman, Dalessi & Shelton for Respondent.

MUSSELL, J.—This is an action by a father against his son in which plaintiff seeks a judgment declaring that the defendant holds title to certain real property in trust for all of the children of the plaintiff. The trial court rendered judgment against the plaintiff and he appeals therefrom.

It is alleged in the complaint, in substance, that on or about January 1, 1951, plaintiff and his wife owned certain unimproved real property in the city of Anaheim; that a confidential relation existed between plaintiff and defendant and on or about February 8, 1951, plaintiff executed and delivered a deed to said property conveying it to the defendant; that plaintiff delivered the possession of said deed to the defendant with instructions to convey an equal interest in said property to each of the other children of plaintiff upon their return from service in the United States Army; that plaintiff promised to comply with this request; that the consideration of said deed was the trust and confidence the plaintiff reposed in defendant and the belief that he would comply with said request and desire that defendant and his four brothers should share equally in said property. The prayer of the complaint was that the court adjudge that defendant holds said property in trust for all of the children of plaintiff; that defendant be required to convey said property to said children; and that title be quieted in them.

Plaintiff testified at the trial that the property involved consisted of approximately 10 acres of unimproved land upon which there was a sand pit; that he and defendant operated the said sand pit for approximately two years, when it was closed down by the city of Anaheim in 1951; that at about that time he and his wife started a divorce action and a property settlement agreement was executed in which it was agreed that the property involved would go to defendant. (This agreement apparently was in writing but it is not set forth in the record herein); that the property involved was owned jointly by plaintiff and his wife; that he discussed the said sand pit with the defendant and defendant stated that he would convey an interest in the property to plaintiff's other

children and that plaintiff relied upon this promise when he conveyed the property to defendant; that it was agreed that if defendant sold the property involved ''he was supposed to divide it up with the children.''

Margaret Wagner, plaintiff's former wife, testified that she had discussed the property involved with the plaintiff when they were discussing the property settlement agreement and at that time she suggested that plaintiff deed the property to all of the boys; that he said, ''No, he would deed it to Jim but not to all of them, so I agreed to that.''

Defendant, when questioned as to conversations with his father concerning the property, testified as follows:

''By Mr. SHELTON: Q. Jim, do you recall any conversation with your father shortly before January of 1951, the substance of it having to do with your holding the property for all the children?

''WITNESS: A. No, I don't.

''Q. Did you ever talk to your father about this property that was deeded to you? A. No, not that I remember.

''Q. Did you work with him down there in the sand pit? A. Yes, I did.

''Q. Did he ever tell you that he was going to deed the property to you and he wanted you to hold it for all the children? A. No, not that I remember.''

The trial court found that it was not true that the most confidential relations existed between plaintiff and defendant; that it was not true that it was the desire of plaintiff that the said property should belong to all of his children in equal proportions; that it was not true that plaintiff delivered said deed to defendant with instructions to convey an equal interest to each of the other children upon their return from service; that it was not true that defendant promised to convey an equal interest in said property to each of plaintiff's other children; that it was not true that the only consideration for said deed was the trust and confidence that plaintiff reposed in defendant and the belief that defendant would comply with the request and desire of plaintiff that all of his children should share equally in said property; that it was not true that defendant fraudulently induced plaintiff to believe that his request would be complied with and that it was not true that defendant violated the trust and confidence reposed in him by plaintiff; that it was not true that defendant refused to convey any interest in said property to plaintiff's other

children. The court then concluded that defendant was entitled to judgment against the plaintiff.

■ There was a conflict in the testimony as to whether or not there was an agreement between plaintiff and defendant or a promise on the part of the defendant to deed the property to the other children of plaintiff and no evidence was introduced indicating fraud. These were questions of fact for the trial court, and since the findings made are substantially supported by the record, they cannot be here disturbed.

Plaintiff argues that the judgment must be reversed because the brothers of the defendant were not made parties to the action.

Section 389 of the Code of Civil Procedure provides that "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, . . ." In *Bowles* v. *Superior Court,* 44 Cal. 2d 574, 583 [283 P.2d 704], it was held that under section 389 of the Code of Civil Procedure it is error, reversible on appeal, to fail to join a necessary party, and that there is a distinction between necessary and indispensable parties.

■ In the instant case it appears that the defendant's brothers were not necessary or indispensable parties to the action. The controversy was between plaintiff and defendant as to whether there was or was not an agreement or understanding that defendant would subsequently deed an interest in the property involved to his brothers and whether or not defendant was guilty of fraud in the transaction. There was a complete determination of the controversy between plaintiff and defendant without prejudice to the rights of defendant's brothers and the record does not indicate that they were interested in the action. They had no interest in the property involved by deed or otherwise and while they might have been joined as proper parties plaintiff, those who may be proper parties are not always necessary or indispensable parties. (*Jones* v. *Feichtmeir,* 95 Cal.App.2d 341, 345 [212 P.2d 933].) ■ In *Bank of California* v. *Superior Court,* 16 Cal.2d 516, 523 [106 P.2d 879], it was held that "necessary" parties normally should be joined in an action and that the court, following the equity rule, will usually require them to be joined, in order to carry out the policy of complete determination and avoidance of multiplicity of suits. But,

since the rule itself is one of equity, it is limited and qualified by considerations of fairness, convenience, and practicability.

The trial judge indicated in his remarks at the close of the trial that all the necessary parties were not before him and that he thought he would decide the case mainly on that basis. However, the issues raised by the pleadings were adequately covered by the findings and support the judgment. ▮ In *Aguirre* v. *Fish & Game Com.*, 151 Cal.App.2d 469, 473-474 [311 P.2d 903], it was held that when matters covered by the findings defeat a plaintiff's right of recovery, the trial court is not required to make additional findings upon other issues. (Citing *Vidler* v. *DeBell*, 125 Cal.App.2d 326, 333 [270 P.2d 120], and cases therein cited.) ▮ In *Bohn* v. *Watson*, 130 Cal.App.2d 24, 41 [278 P.2d 454] it was held that if a judgment is amply supported by findings sustained by sufficient evidence, questions relative to other findings become immaterial on appeal and may be disregarded.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.