[Civ. No. 19681.   First Dist., Div. Three.   Dec. 6, 1961.]

JOHN E. SANTOS et al., Plaintiffs and Appellants, v. WILLIAM C. WING et al., Defendants and Respondents.

LeRoy A. Broun and Bernard M. King for Plaintiffs and Appellants.

Toff & Gordon and Melville A. Toff for Defendants and Respondents.

SALSMAN, J.—The appellants filed suit against the respondents for declaratory relief and for the reconveyance to them of certain real property previously deeded to the respondents, and in the event a reconveyance could not be had, appellants demanded damages. The trial court entered judgment for the respondents and this appeal followed.

Appellant Woodland Avenue Corporation is a corporation whose sole asset was an apartment house in Menlo Park. The appellant John E. Santos was the sole owner of all of the stock of the corporate appellant. Respondent Carl Horvitz is a real estate broker and respondent William C. Wing is a salesman in Horvitz' office; the other two respondents are the wives of Horvitz and Wing, respectively.

The factual background of this case as shown by the evidence is as follows:

In late 1954, or the early part of 1955, appellant Santos gave a listing for the sale of the Woodland Avenue Apartments owned by appellant Woodland Avenue Corporation to a Palo Alto real estate firm, whom he believed to be the firm of Hare, Brewer & Kelley. Following this listing Santos received various offers to make exchanges of property, but no offers to buy the apartments outright.

In October of 1955, Horvitz presented to Santos on behalf of Wing an offer to purchase the real property of the Woodland Avenue Corporation for the sum of $150,000. Horvitz testified that he explained to Santos that Wing was a real estate salesman in his employ. The deposit receipt included

a provision for a commission, which would have reduced the net amount received by the corporation, and Santos requested that the purchase price be changed to $158,000. Santos informed Horvitz that any commission would have to be added to the purchase price as stated in the offer and paid by the purchaser, as he wanted a $150,000 net deal. Horvitz, with the approval of Santos, altered the terms of the offer to reflect the wishes of Santos and presented it to Wing, who refused to accept it.

On November 10, 1955, an offer was made by respondents Horvitz and Wing to purchase the Woodland Avenue Apartments. This agreement included an acknowledgment clause to the effect that the seller knew the buyer was a licensed real estate broker. There was no mention of any sale of corporate stock, nor does the agreement purport to be a sale of anything other than real property. This offer was for $158,000 and provided for a 5 per cent commission to be paid to Carl Horvitz as the broker.

During the signing of the above agreement, Wing testified that, in response to an inquiry of Santos, he told Santos that he had only been in the real estate business for a short time and didn't know much about it, and at this time also gave Santos a business card of Horvitz Realty with Wing's name on it.

On November 17, 1955, Santos executed certain seller's instructions. Horvitz testified that at this time he reviewed the instructions with Santos and explained to him the price the corporation was to receive, namely, $150,000, as set out in the instructions.

There was evidence that the appellant Woodland Avenue Corporation had an attorney and there was also evidence that appellant Santos had previously been represented and advised in tax matters by an accounting firm.

The original deposit receipt named William C. Wing and Ruth E. Wing as the purchasers of appellants' property; the second deposit receipt named Carl Horvitz and William C. Wing as purchasers, and this deposit receipt had typed on it the acknowledgment that the buyer was a licensed real estate broker; the seller's instructions referred to the deed from "Woodland Manor Corporation to William C. Wing, et al." The deed from Woodland Avenue Corporation named as grantees William C. Wing and Ruth E. Wing as to an undivided one-half interest and Carl Horvitz and Ann Horvitz

as to an undivided one-half interest. The promissory note and the deed of trust given to secure it named the same parties named in the grant deed as makers and trustors. All of these documents, except the note and deed of trust, were executed by the appellants and they revealed to the appellants precisely who the purchasers were.

About 15 months after the sale was consummated, it was discovered by the appellants that a tax liability in excess of $16,000 had been incurred by them because of the manner in which the sale had been completed. There was testimony that the tax liability could have been legally avoided if the sale had been cast in the form of a sale of the corporation rather than a sale by the corporation of its principal asset.

The trial court found that there was no failure to disclose interest on the part of the brokers; that appellants knew who the purchasers were; that the brokers received no commission; that the sale was a sale of real property and not a sale of corporate stock, and was so intended by appellant Santos; that the appellant corporation was the *alter ego* of the appellant Santos; that there was no fiduciary relationship existing between appellants and respondents at the time the transaction was consummated, and that there was no violation of any fiduciary relationship on the part of the respondents.

The appellants attack the findings and judgment of the trial court on the ground that they are not supported by substantial evidence.

In reviewing the evidence, the appellate court must resolve all conflicts in favor of the respondent; must indulge in all reasonable inferences to uphold the judgment; and the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trial court. (*Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427, 429 [45 P.2d 183].)

Applying this rule to the case before us, it is apparent that there is substantial evidence in the record to sustain the findings to which appellants object. Thus, there was testimony that the brokers received no commission. The seller's instructions show that there was no separate payment of any commission to the respondents. The fact that Santos had knowledge that Wing was a salesman working in the Horvitz office is supported by the testimony of both Horvitz and Wing and it is elementary that the sufficiency of this evidence is for the trial court to determine; all of the documentary evidence

refers only to a sale of real property and there is no reference anywhere, either in the documentary evidence or the oral testimony, to a sale of corporate stock.

The appellants next urge that the trial court failed to make findings on material issues. Thus it is claimed that specific findings should have been made to the effect that Santos knew that Wing was an employee of Horvitz. With respect to this particular claim, this finding is necessarily implied in other findings made by the trial court and a separate finding on this issue is unnecessary. The appellants themselves at pages 21 and 22 of their brief treat this as one of the findings of the trial court and in that portion of their brief, they argue that the finding is unsupported by the evidence. We believe it must necessarily be implied from other findings of the trial court that Santos did have knowledge that Wing was a salesman employed in the Horvitz office.

Appellants next urge that a finding should have been made as to the purpose for which Horvitz purchased the property; whether Horvitz made a full disclosure of all facts and circumstances of their purchase to the appellants, and whether the board of directors of appellant corporation passed any resolution authorizing the sale of its real property. The trial court found that there was no failure on the part of respondents to disclose to the appellants the fact that the respondents were the purchasers of the real property and that the appellants knew that the respondents and each of them were the purchasers of the real property. None of the suggested findings was necessary for a proper disposition of this case. The findings made by the trial court dispose of the issues raised at the trial and where the findings which are made by the trial court operate to defeat a party's right to recover, the court is not required to make additional findings on other issues. (*Duval* v. *Duval*, 155 Cal.App.2d 627 [318 P.2d 16].)

The appellants do not point to any fact or circumstance known to Horvitz and Wing which was concealed or withheld by them from the appellants. So far as the record in this case shows, the appellants knew as much about this transaction as the respondents.

Appellants cite and rely upon the cases of *Bate* v. *Marsteller*, 175 Cal.App.2d 573 [346 P.2d 903]; *Slusher* v. *Buckley*, 174 Cal.App.2d 324 [344 P.2d 905]; *Adams* v. *Herman*, 106 Cal.App.2d 92 [234 P.2d 695]; *Sands* v. *Eagle Oil &*

684

*Refining Co.*, 83 Cal.App.2d 312 [188 P.2d 782]; *Gordon* v. *Beck*, 196 Cal. 768 [239 P. 309], and *Fisher* v. *Losey*, 78 Cal. App.2d 121 [177 P.2d 334]. We believe these cases correctly declare the law. In each, except *Fisher* v. *Losey, supra*, there was a failure of the agent to make a full disclosure of his interest, and in each case the principal was granted relief. However, in *Fisher* v. *Losey, supra*, the agent did make a full disclosure; the principal was fully informed, and the court granted the agent specific performance of his agreement for the purchase of the property. In the case before us, the trial court has found that the respondents made a full disclosure of their interest to the appellants and that the appellants at all times knew respondents were the purchasers of their property.

The real basis for the appellants' dissatisfaction with this transaction is not that the respondents purchased their property—a fact which the evidence shows the appellants knew from the beginning—it is the unfortunate tax consequences of the sale which is the cause of their concern. In some way, appellants seek to hold the respondents responsible for this result. We do not find in the evidence any suggestion that the respondents had any knowledge of the appellants' tax situation, or what if any tax might result to the appellants from this sale. The respondents did not attempt to give appellants any tax advice. On the contrary, they urged appellants to seek counsel; the appellants did have an accountant and they had an attorney, and the appellant Santos held the seller's instructions in his possession for several days for the announced purpose of seeking legal advice.

The appellants also charge respondents with failure to exercise the care and skill standard in the locality for the kind of work respondents were expected to perform. Pursuing this charge, appellants assert in their brief that Horvitz owed them a duty to fairly investigate and give them preliminary advice on the method by which this transaction should be carried out. We assume that the "advice" referred to means advice as to how legally to avoid the payment of taxes in connection with the sale. However, appellants offered no evidence whatsoever on the subject of the standard of care to be exercised by a real estate broker in a transaction such as this, where taxes may possibly be legally avoided, and thus they are in no position to object to the failure of the trial court to make a finding on the subject. Since appellants had the burden of proof and offered no evidence, the only finding the

trial court could have made would have been a finding adverse to the appellants. (*Walbergh* v. *Moudy*, 164 Cal.App.2d 786 [331 P.2d 234].)

Finally, the appellants request us to make a finding pursuant to Code of Civil Procedure section 956a and rule 23(a) of Rules on Appeal finding that this transaction has resulted in a total state and federal tax to appellants of $16,774.68, and a second finding to the effect that, had the sale been concluded as a sale of corporate stock rather than a sale of real property, no state or federal tax would arise to be paid by anyone. In view of the trial court's finding on substantial evidence that the appellant Santos intended to and did make a sale of real property to the respondents, and that there was a full disclosure on the part of respondents of their interest in the transaction, and that respondents did not violate any fiduciary duty owed by them to the appellants, we deem the requested findings unnecessary and the request is therefore denied.

From our review of the case, we conclude that there is substantial evidence in the record to support the trial court's findings and we therefore affirm the judgment.

Draper, P. J., and Devine, J., concurred.